Argued March 21, reversed and remanded for a new trial
April 14, 1975

STATE OF OREGON, *Respondent*, *v.* ARESENIO
GARCIA RAFAL (No. C 74-04-1229 Cr.), *Appellant.*

533 P2d 1397

*Gary D. Babcock,* Public Defender, Salem, argued
the cause and filed the brief for appellant.

*Janet Metcalf,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and HOWELL, Judges.

SCHWAB, C. J.

Defendant was convicted of criminal activity in drugs—possession of marihuana in a quantity exceeding one ounce—a felony or misdemeanor under ORS 167.207(2). It is conceded that there was evidence from which the jury could have found that defendant possessed less than one ounce of marihuana, a violation under ORS 167.207(3). At trial defendant requested that the jury be instructed on the elements of the violation of possession of less than one ounce. The trial court refused to do so, reasoning it could only instruct on lesser included crimes, not lesser included violations. We hold this analysis to be erroneous.

The 1971 criminal code added the new concept of a violation to the traditional felony-misdemeanor classification of criminal offenses. The statutes provide:

"An offense is conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state or by any law or ordinance of a political subdivision of this state. An offense is either a crime or a violation." ORS 161.505.

"(1) A crime is an offense for which a sentence of imprisonment is authorized.

"(2) A crime is either a felony or a misdemeanor." ORS 161.515.

"An offense is a violation if it is so designated in the statute defining the offense or if the offense

is punishable only by a fine, forfeiture, fine and forfeiture or other civil penalty. Conviction of a violation does not give rise to any disability or legal disadvantage based on conviction of a crime." ORS 161.565.

The draftsmen explained the reasoning behind the new category of violations:

"The new classification of violation is to allow flexibility in the sentencing provisions of the Code. The violation category is added for the further reason that the Commission believes that the use of the criminal law as an attempted cure-all for every social problem has been notoriously ineffective and has tended to bring the criminal law into disrepute. In a day when major crime is increasing at a sobering rate we should direct our scarce and overburdened police and correctional resources to areas of real concern and not to enforcement of regulatory measures." *Commentary,* Proposed Oregon Criminal Code 71 (1970).

Two older statutes, dating back to 1864, provide for jury instructions on crimes other than that charged:

"Upon a charge for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the accusatory instrument and guilty of any degree inferior thereto or of an attempt to commit the crime or any such inferior degree thereof." ORS 136.460.

"In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which he is charged in the accusatory instrument or of an attempt to commit such crime." ORS 136.465.

These statutes were reenacted with minor amendments and renumbered in 1973 as part of the revision of the criminal procedure code. There is no legislative history indicating the legislature considered the problem presented by this case.

Emphasizing that ORS 136.460 and 136.465 refer only to included *crimes,* the state argues that a trial court cannot instruct on an included violation. The state does not contend that there was any other basis for refusing to instruct on the less-than-one-ounce violation, acknowledging that if "possession of less than an ounce of marijuana were a crime, then defendant's requested instruction would have been proper."

■ The state's argument is certainly supported by a literal reading of ORS 136.460 and 136.465. Our role, however, is to ascertain legislative intent, not to slavishly apply all statutes literally. *See, State v. Irving,* 268 Or 204, 520 P2d 354 (1974). Here the legislative intent is not self-apparent. Statutes dating back to 1864, when violations did not exist in Oregon law, refer to instructing on the elements of crimes other than that charged. Then the violation category was created in 1971. Did the legislature intend that a person could be charged with a more serious crime, but because of a failure to prove some element (such as more than one ounce) be found guilty of a "lesser included violation"?

■ Having investigated the available legislative history materials, we conclude that the legislature never considered this precise question. In such situations, our duty is to deduce what the legislature probably would have done, had it considered the problem. *State v. Welch,* 264 Or 388, 394, 505 P2d 910 (1973). Under that approach, we conclude defendant's requested instruction should have been given. Creation of the violation category of criminal offenses was intended to introduce sentencing flexibility and indicate enforcement priorities, *Commentary,* supra, not to work radical procedural change. Indeed, violations are tried in exactly or substantially the same way as felonies and misdemeanors. There is no reason to

change the procedures when the occasion arises to instruct on included offenses. Moreover, any other result could, on facts like those at bar, result in two trials rather than one. This would be a needless waste of judicial resources when the final resolution of the quantity of marihuana possessed can easily be made in one trial. Accordingly, we conclude that trial courts can, and when supported by the evidence should, instruct on the elements of the violation defined by ORS 167.207(3) at the conclusion of a trial involving possession of marihuana.

The other issue raised by defendant on appeal does not merit discussion, other than to note that the problem was apparently caused by the prosecutor's inadequate preparation, and that the obvious cure is better preparation before retrial.

Reversed and remanded for a new trial.