Argued May 17, affirmed August 8, reconsideration denied September 14, 1977, petition for review pending

STATE OF OREGON, *Respondent,*
*v.*
DAVID LEE MINK, *Appellant.*
(No. 1883-B-6, CA 7779)

567 P2d 1033

William A. Barton, Newport, argued the cause for appellant. With him on the brief was Barton & Armbruster, Newport.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

■ Defendant was charged with the crime of driving under the influence of intoxicants (DUII). He waived his right to jury trial and was tried to the court. The court found defendant not guilty of the crime of DUII, but guilty of the traffic infraction of DUII.[1] Defendant contends on appeal that the traffic infraction of DUII is not a lesser-included offense of the crime of DUII.

■ The statutory scheme of the DUII offenses is as follows:

"(1) A person commits the offense of driving while under the influence of intoxicants if he drives a vehicle while:

"(a) He has .10 percent or more by weight of alcohol in his blood * * *; or

"(b) He is under the influence of intoxicating liquor, a dangerous drug or narcotic drug; or

"(c) He is under the influence of intoxicating liquor and a dangerous drug or narcotic drug.

"(2) Driving while under the influence of intoxicants is a Class A traffic infraction." ORS 487.540.

---

[1]The parties' agreed narrative statement explains:

"* * * As part of the State's case in chief, a certified copy of a prior conviction was offered. The defendant objected on the [ground of] * * * lack of timely notice, ORS 135.845 [part of the pretrial criminal discovery statutes]. * * * [T]he Court ruled * * * that timely notice had not been given * * *. The prior conviction was not received into evidence."

We interpret this to mean that the trial court ruled a certified copy of a prior conviction inadmissible on the ground that it had not been disclosed to the defendant before trial under the criminal discovery statutes. Although no issue is raised about this ruling, and the full record could possibly indicate to the contrary, we note that the trial court's ruling would appear to be an erroneous application of the discovery statutes under the rules stated in *State v. King,* 30 Or App 223, 566 P2d 1204 (1977).

*King* requires a showing of genuine and substantial surprise at trial and material prejudice in the *preparation* of a case for trial before imposition of a sanction for violation of the discovery statutes is warranted. We think it is safe to assume that the defendant, on trial for the crime of DUII, was not surprised by the state's offer of evidence of a prior conviction, and further think it is probably safe to assume that the defendant would not have prepared for trial any differently had there been pretrial discovery of the certified copy of the prior conviction.

Any traffic infraction "is punishable only by a fine, forfeiture, suspension or revocation of a license or other privilege, or other civil penalty." ORS 484.350(1). The maximum fine for a Class A traffic infraction is $1,000. ORS 484.360(2)(a). However,

> "Any offense that would otherwise be punishable as a Class A traffic infraction shall be prosecuted and be punishable as a Class A misdemeanor if the defendant has been convicted of any class A traffic infraction or traffic crime within a five-year period immediately preceding the commission of the offense * * *." ORS 484.365(1).

A Class A misdemeanor is punishable by up to one year's imprisonment, ORS 161.615(1), and a fine of up to $1,000, ORS 161.635(1)(a). Under this statutory scheme, the only difference between the DUII infraction and the DUII crime, aside from the possible penalties, is whether the defendant has a prior conviction. *See generally Brown v. Multnomah County Dist. Ct.,* 29 Or App 917, 566 P2d 522 (1977); *State v. Carpenter,* 29 Or App 879, 565 P2d 768 (1977).

The authority to find a defendant guilty of an offense other than that specified in the charging instrument is derived from two statutes:

> "Upon a charge for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the accusatory instrument and guilty of any degree inferior thereto or of an attempt to commit the crime or any such inferior degree thereof." ORS 136.460.

> "In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which he is charged in the accusatory instrument or of an attempt to commit such crime." ORS 136.465.

In *State v. Washington,* 273 Or 829, 543 P2d 1058 (1975), the Supreme Court interpreted these two statutes to permit conviction of a lesser offense when the elements of it are included in the statutory definition of a more serious offense or when the elements of it are included in the specific accusatory

[ 342 ]

instrument. Under either prong of the *Washington* test, conviction for a DUII infraction would appear permissible in a trial for a DUII crime. The statutory definition of the DUII crime includes all the elements of the DUII infraction. And the charging instrument for the crime of DUII in this case alleged all the elements of the infraction of DUII.

Defendant resists the conclusion that *Washington* indicates by arguing that ORS 136.460 and 136.465 apply only to lesser *crimes,* not infractions. We considered and rejected a similar contention in *State v. Rafal,* 21 Or App 114, 533 P2d 1397 (1975). We concluded that possession of less than one ounce of marihuana, a violation rather than a crime, ORS 167.207(3), was a lesser-included offense of the crime of criminal activity in drugs, ORS 167.207(1) and (2). Substantively, a violation is the same as a traffic infraction.

> "An offense is a violation * * * if the offense is punishable only by a fine, forfeiture, fine and forfeiture or other civil penalty. Conviction of a violation does not give rise to any disability or legal disadvantage based on conviction of a crime." ORS 161.565.

> "An offense defined in the Oregon Vehicle Code is a traffic infraction * * * if the offense is punishable only by a fine, forfeiture, suspension or revocation of a license or other privilege, or other civil penalty." ORS 484.350(1).

> "A person who commits a traffic infraction shall not suffer any disability or legal disadvantage based upon conviction of crime." ORS 484.350(2).

Under *Washington* and *Rafal,* we see no possible objection to permitting, *in a trial to the court* for the DUII crime, conviction for the lesser-included DUII infraction.

Additional complications would arise, however, if the DUII crime were tried to a jury. A defendant charged with the crime of DUII has a right to trial by jury. US Const, Amend VI; Or Const, Art I, § 11. The state has the burden of proving the crime beyond a

reasonable doubt. *In re Winship,* 397 US 358, 90 S Ct 1068, 25 L Ed 2d 368 (1970). And in a trial for the crime of DUII, the prosecution and defense would be represented by counsel. *Gideon v. Wainwright,* 372 US 335, 83 S Ct 792, 9 L Ed 2d 799, 93 ALR2d 733 (1963). By contrast, there is no right to a jury trial on a DUII infraction, the charge need only be proved by a preponderance of the evidence, and the state cannot appear through the district attorney when the defendant elects to represent himself. ORS 484.375, 484.390; *Brown v. Multnomah County Dist. Ct., supra.*

■ Thus, unlike violations which "are tried in exactly or substantially the same way as felonies and misdemeanors," *State v. Rafal, supra,* 21 Or App at 117-18, traffic infractions are tried in a substantially different manner. This leads us to the conclusion that it would be impossible to submit a DUII infraction to a jury as a lesser-included offense. First, because it would appear to be prohibited by ORS 484.375(1): "The trial of any traffic infraction shall be by the court without a jury." Second, the different standards of proof and other procedural variables would make submission of a DUII infraction to a jury unworkable.

■ It does not follow, however, that conviction for a DUII infraction is impossible in the jury trial of a DUII crime. Two different factfinders—the court and the jury—would listen to the same evidence. If the jury convicts on the DUII crime, any further consideration of an infraction conviction is impossible. If, instead, the court withdraws the DUII crime from the jury or if the court submits the DUII crime to the jury which fails to find the defendant guilty beyond a reasonable doubt, then the court can proceed to consider whether the evidence establishes the DUII infraction by a preponderance of the evidence and pronounce judgment accordingly. Such a procedure is not a familiar one. But there is no reason to automatically equate the unfamiliar with the improper.

Affirmed.