Argued and submitted February 24, affirmed September 29, 2010

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# DAVID LEE SWANSON,
*Defendant-Appellant.*

Josephine County Circuit Court
071371M; A140575

240 P3d 63

Lindsey K. Detweiler, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Janet A. Klapstein, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

ORTEGA, J.

## ORTEGA, J.

Defendant appeals a judgment of conviction for criminal reckless driving, ORS 811.140. He assigns error to the trial court's refusal to instruct the jury on the violation of careless driving, ORS 811.135, as a lesser-included offense of the crime of reckless driving. For the reasons that follow, we affirm.

We review jury instructions for errors of law. *State v. Rennells*, 213 Or App 423, 425, 162 P3d 1006 (2007). In determining whether an instructional error requires reversal, we assess potential prejudice by considering the jury instructions as a whole. *Id.* at 426.

Defendant was charged with reckless driving by way of a uniform criminal citation and complaint. During trial, he submitted a written request for Oregon Uniform Criminal Jury Instructions 1009 and 1010, related to lesser-included offenses, and a special instruction on the violation of careless driving. The court declined to give the requested instructions. Defendant was convicted of the crime of reckless driving.

On appeal, defendant argues that the trial court erred because the violation of careless driving is a lesser-included offense of the crime of reckless driving and, thus, the court should have given the requested instructions pursuant to ORS 136.465, which authorizes a jury to reach a verdict of guilty on a lesser-included offense that is necessarily included in the charge against the defendant. Defendant contends that ORS 136.460, another statute that relates to jury instructions on lesser-included offenses, is not directly applicable in this case, but that it provides context in determining whether a violation is a lesser-included offense.

The state contends that the trial court ruled correctly, because a careless driving violation is not a crime and defendant is not entitled to a jury trial—and, by implication, to jury instructions—on traffic violations. We agree with the state.

Whether ORS 136.460 and ORS 136.465 encompass a careless driving violation is a question of statutory construction. We interpret statutes by first examining the text

and context of the statute, along with any useful legislative history, and, if necessary, by employing other construction aids. *State v. Gaines*, 346 Or 160, 172, 206 P3d 1042 (2009).

We begin with the text of ORS 136.460 and ORS 136.465. ORS 136.460 provides, in part:

> "(1)   Upon a charge for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the accusatory instrument and guilty of any degree inferior thereto or of an attempt to commit the crime or any such inferior degree thereof."

ORS 136.465 provides:

> "In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which the defendant is charged in the accusatory instrument or of an attempt to commit such crime."

The plain text of both statutes uses the term "crime," not "violation." Although both crimes and violations are considered "offense[s]," they are distinct from one another. *See* ORS 161.505 (defining "offense"); *State v. Dahl*, 336 Or 481, 485, 87 P3d 650 (2004) (describing a violation as a civil offense as opposed to a criminal offense). The legislature has defined a crime as "an offense for which a sentence of imprisonment is authorized." ORS 161.515. As a result, the commission of a crime must be proved beyond a reasonable doubt. ORS 10.095(6). In contrast, a violation is an offense for which imprisonment is not available as a punishment. ORS 153.008. Thus, commission of a violation need only be proved by a preponderance of the evidence. ORS 153.076(2). In ORS 136.460 and ORS 136.465, the legislature chose to use the term "crime" rather than "offense" or "violation." Thus, the plain text of ORS 136.460 and ORS 136.465 refers only to crimes and does not apply to violations. The statutory text supports the view that defendant was not entitled to a jury instruction on the violation of careless driving.

Consistently with the statutory text, this court has rejected the submission of a traffic infraction to a jury as a lesser-included offense under *former* ORS 153.575(1) (1983), *repealed by* Or Laws 1999, ch 1051, § 32, which provided that traffic infractions should be tried to the court without a jury.

*State v. Darlin*, 122 Or App 172, 179-80, 857 P2d 859 (1993); *State v. Mink*, 30 Or App 339, 344, 567 P2d 1033 (1977).

In *Mink*, we considered whether the infraction of driving under the influence of intoxicants (DUII) was a lesser-included offense of the crime of DUII. We concluded that it was impossible to submit the DUII infraction to a jury as a lesser-included offense of the DUII crime, first, because jury resolution of a traffic infraction would be impermissible under *former* ORS 484.375(1) (1975), *renumbered as* ORS 153.575(1) (1981), and second, because "the different standards of proof and other procedural variables would make submission of a DUII infraction to a jury unworkable." 30 Or App at 344. We adhered to that conclusion in *Darlin*, where we explained that "submitting a traffic infraction to a jury as a lesser-included offense is forbidden by ORS 153.575(1)." 122 Or App at 179.

Defendant contends that those cases have been superseded by the legislature's 1999 amendments to the criminal code, which streamlined the procedures for infractions and, in so doing, renamed them "violations." Or Laws 1999, ch 1051. However, defendant points us to nothing in the text of the amendments that supports his argument. The amendments simply make procedures more efficient and do not modify the application of prior case law.[1] Audio Recording, House Committee on Judiciary, Subcommittee on Civil Law, SB 20, May 24, 1999, at 0:47 (statement of Bradd Swank, State Court Administrator's Office), http://www.leg.state.or.us/listn/ (accessed Sept 2, 2010).

The change in nomenclature does not affect the analysis or holdings of our prior case law. Violations, like infractions formerly, may not be submitted to a jury as a

---

[1] Infractions were first created and used in conjunction with traffic offenses because of their efficiency. Defendants would be charged with an infraction and then would merely post and forfeit their bail to the state. Subsequently, many other agencies modified their procedures for noncriminal offenses after traffic infractions. This led to the creation of many statutes that were similar to each other but did not operate in the same manner. As a result, the 1999 amendments aimed to organize the process for infractions (which were renamed violations), turning the system for posting and forfeiting bail into one requiring the simple payment of a fee. Audio Recording, House Committee on Judiciary, Subcommittee on Civil Law, SB 20, May 24, 1999, at 0:47 (statement of Bradd Swank, State Court Administrator's Office), http://www.leg.state.or.us/listn/ (accessed Sept 2, 2010).

lesser-included offense of a crime. Under the former and the current statutes, the purported lesser-included offense does not involve a right to a jury trial. *Former* ORS 153.575(1) ("The trial of any traffic infraction shall be by the court without a jury."); ORS 153.076(1) ("Violation proceedings shall be tried to the court sitting without jury."). The difference in procedure between crimes and violations remains material. In a violation proceeding, a defendant is not entitled to a public defender, and a district attorney or city attorney generally may not appear unless counsel for the defendant appears. ORS 153.076. In contrast, qualifying defendants in a criminal trial may be appointed a public defender, and the state is always represented by an attorney. ORS 151.010; ORS 156.520. Thus, in light of the substantial differences in procedure dictated by statute, submitting a violation to a jury in a criminal trial would remain unworkable, just as submitting an infraction to a jury under the prior statutory scheme was unworkable. Accordingly, the trial court did not err in declining to instruct the jury on the violation of careless driving.

Affirmed.