Argued April 24, affirmed August 2, reconsideration denied September 12, 1978, petition for review denied January 9, 1979

STATE OF OREGON, *Appellant,*

*v.*

LUCILLE BERNICE RIGGS, *Respondent.*

(No. 76-18917, CA 9701)

582 P2d 457

Frank R. Papagni, Jr., Assistant District Attorney, Eugene, argued the cause for appellant. With him on the brief was J. Pat Horton, District Attorney, Eugene.

Thomas E. Wurtz, Springfield, argued the cause for respondent. With him on the brief was Moore, Wurtz & Logan, Springfield. Elden M. Rosenthal, ACLU Cooperating Attorney, Portland, argued the cause and filed a brief Amicus Curiae for respondent.

Before Thornton, Presiding Judge, and Lee and Joseph, Judges.

JOSEPH, J.

[ 571 ]

**JOSEPH, J.**

Defendant was given a uniform traffic citation and complaint for failure to perform the duties required of a driver involved in an accident causing only property damage. ORS 483.604. The offense is classified as a Class A traffic infraction. ORS 483.604(3); 484.365(3)[1]. Defendant moved for a jury trial, relying on *Brown v. Multnomah County Dist. Ct.*, 280 Or 95, 570 P2d 52 (1977). The state opposed the motion. On the day set for trial the district court ruled that defendant was entitled to trial by a jury and to proof beyond a reasonable doubt. The state moved for postponement of the trial. The court denied that motion, and when the state announced that it was unprepared for a jury trial, the court entered an order of dismissal. The state appeals the dismissal order and asks that we remand the case to the trial court with directions that it be tried to a jury with the burden of proof being a preponderance of the evidence.[2] The state does not attack the denial of a postponement or the dismissal on any other ground.

Before considering the merits, we must dispose of a jurisdictional question raised by defendant and *amicus curiae.* They argue that the order of dismissal is not appealable. The state did not foresee any substantial jurisdictional question. In its opening brief the state noted that it was appealing under ORS 138.060(1).[3] Defendant argues that the dismissal could not properly be appealed under that provision because the uniform traffic citation and complaint was not "an accusatory instrument"[4] and, had it been an accusatory instrument, the court's order did not dismiss it,

---

[1] That classification formerly appeared in ORS 483.990(6).

[2] No right to counsel issue is presented.

[3] ORS 138.060(1):

"An order made prior to trial dismissing or setting aside the accusatory instrument * * *".

[4] ORS 131.005(1):

" 'Accusatory instrument' means a grand jury indictment, an information or a complaint."

but rather dismissed "the case." We find those arguments unpersuasive. The "uniform citation and complaint" was within the definition of "complaint" found in ORS 131.005(3)[5] (*see* ORS 484.150); and the order of dismissal was necessarily a dimissal of that complaint.

Nevertheless, it is not clear that the order was appealable under the provisions of chapter 138. Those provisions were intended to apply only to proceedings which the legislature recognized as "criminal." *See* ORS 138.010. They were not intended to apply to traffic infraction cases. ORS 484.350(3). In ORS 484.405, the legislature provided separately for appeals in cases involving traffic infractions:

"An appeal from a judgment involving a traffic infraction, except a traffic infraction prosecuted and made punishable as a Class A misdemeanor pursuant to ORS 484.365, may be taken by either party:

"* * * * *

"(2) From a proceeding in district court, as provided in ORS chapter 46 * * *".

ORS 46.250 provides in material part:

"(1) Any party to a judgment or decree in a civil action or proceeding, including those relating to a traffic infraction, in a district court * * * may appeal therefrom to the Court of Appeals. * * *

"(2) For the purpose of appeal therefrom, the following are considered judgments or decrees of a district court:

"(a) An order affecting a substantial right and which in effect determines the action or proceeding so as to prevent a judgment or decree therein.

"* * * * *."

It is clear that the order dismissing the traffic citation both affects a substantial right and in effect deter-

---

[5] ORS 131.005(3):

" 'Complaint' means a written accusation, verified by the oath of a person, filed with a magistrate, and charging another person with the commission of an offense, other than an offense punishable as a felony. A complaint serves both to commence an action and as a basis for prosecution thereof.

mines the action or proceeding so as to prevent a judgment or decree therein.

As will appear, we find the principles of *Brown v. Multnomah County Dist. Ct., supra,* applicable in this proceeding. Therefore, we have jurisdiction either under ORS 484.405 and 46.250 or under ORS 138.060(1), the precise statutory basis depending (as suggested by *Brown*) upon the legislature's intent had it known that proceedings which it considered noncriminal would nevertheless be found essentially criminal on constitutional grounds. We recognize that in some instances, *e.g.,* where the state seeks to appeal a judgment of acquittal, constitutional double jeopardy principles may prevent the full and literal application of the appeal provisions of ORS 484.405 and 46.250. No double jeopardy issue is presented here, however, and we do not feel compelled to speculate as to the intent of the legislature in regard to the basis for appeal had it known that various criminal safeguards would be required in prosecutions under ORS 483.604.

■ In *Brown v. Multnomah County Dist. Ct., supra,* the court held that despite the legislature's attempt to remove certain traffic offenses denominated "infractions" from the criminal trial system,[6] a person charged with driving under the influence of intoxicants, a Class A infraction (ORS 484.365(3)(a)), was entitled to court appointed counsel, a jury trial and proof beyond a reasonable doubt. The court concluded that

"* * * on balance, the code's offense of driving under the influence of intoxicants, and its enforcement and punishment, retain too many penal characteristics not to be a 'criminal prosecution' under article I, section 11 of the constitution." 280 Or at 109.

Like DUII, the offense with which respondent was charged is a Class A traffic infraction.[7] Under the

---

[6] Or Laws 1975, ch 451.

[7] The only named Class A traffic infractions are this one, DUII (ORS 484.365(3)(a); 487.540(2)) and speed racing on a highway (ORS 487.515(4).

terms of ORS 484.375 defendant was not entitled to trial by jury or proof beyond a reasonable doubt. The question is whether she was entitled to those protections as a constitutional matter. The state correctly recognizes that in order to reverse the trial court's ruling, it would be necessary to distinguish the offense charged here from DUII as it was analyzed in *Brown.* The state argues that the distinction rests on the following characteristics:

(1) The social opprobrium associated with this offense is less than that associated with DUII.

(2) The likelihood of arrest, detention and "booking" is not as great as in DUII cases, because there is no necessity temporarily to "ground" the driver for the protection of the public.

(3) The legislative history in regard to the Vehicle Code revision does not contain clear evidence that the legislature viewed this offense as a serious one. There is nothing in that history comparable to the interim committee's discussion of DUII quoted in *Brown,* 280 Or at 107, from which discussion the Supreme Court concluded that the legislature sought only to decriminalize the procedure, and not the crime of DUII.

In *Brown* the Supreme Court noted five factors to be considered in determining if the legislature had successfully decriminalized an offense: type of offense; penalty; collateral consequences; punitive significance; and arrest and detention, *i.e.,* application of criminal law enforcement procedures. The potential penalty for the offense charged here is the same as for DUII: a $1,000 fine. ORS 484.360. The collateral consequences are also the same. If a person convicted of a traffic infraction fails to pay the fine levied against him, his driver's license can be suspended. ORS 484.415.

The personal significance of a conviction is possibly different from that in a DUII conviction, for the public

---

ORS 484.370 provides that offenses defined in the Vehicle Code but not otherwise classified are to be considered Class A traffic infractions.

assessment of a conviction would probably not be as severe as the assessment of a DUII conviction because the offense does not present a threat to the lives of others on the road. Moreover, as the state has noted, there is no clear evidence in the legislative history that the legislature intended only to decriminalize procedure, while reaffirming the seriousness of the offense itself. Nevertheless, nearly all the provisions outlining the procedure in regard to DUII, and employing "criminal" terminology, apply as well to this offense, *i.e.,* ORS 484.350(1) ("punishable"); 484.360 ("penalty"); 484.190, 484.310-.320 (guilty plea); 484.365 and 484.415 ("convicted"). Nothing in the code gives any indication, however, that the punitive significance of a conviction for this offense is in any way less than that for DUII. ORS 484.365(1) provides that any Class A traffic infraction as defined in ORS 484.365(3) shall be prosecuted and punishable as a Class A misdemeanor (with possible imprisonment of up to one year) if the defendant has been convicted of either offense within the preceding five-year period. *See also* ORS 484.010(5).

While persons charged with this offense may very likely less frequently be subjected to arrest, booking and detention in lieu of bail or other security than persons charged with DUII (*see Brown v. Multnomah County Dist. Ct., supra,* 280 Or at 108, n 16), nevertheless, those charged may be arrested (ORS 484.100, 133.310), fully searched (ORS 484.435), and held in detention in lieu of bail or other security (ORS 484.120-.140). Other "criminal" procedures are also applicable. *See* ORS 484.350(3).

The similarities between charges of failing to perform a driver's duties and DUII outweigh the distinctions offered by the state. A balancing of the five factors in *Brown* indicates that, like DUII, this charge retains so many criminal characteristics that one charged is entitled to trial by jury and proof beyond a reasonable doubt.

The trial court's order of dismissal is affirmed.

Affirmed.