Argued July 17, affirmed September 18, reconsideration denied
October 24, 1978, petition for review denied January 9, 1979

STATE OF OREGON, *Respondent,*
*v.*
JAMES BERNARD WALTER, *Appellant.*
(No. C40111, CA 10573)
584 P2d 356

Kirk Carpenter, Portland, argued the cause for appellant. On the brief was Donald D. Nash, Portland.

Catherine Allan, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

Defendant appeals his conviction of speed racing in violation of ORS 487.515(3) and (4).[1] The issue raised is whether the proper burden of proof is a preponderance of the evidence[2] which the trial court applied, or, as defendant asserts, the burden of proof must be beyond a reasonable doubt.

Defendant relies on *Brown v. Multnomah County Dist. Ct.,* 280 Or 95, 570 P2d 52 (1977), in which the Supreme Court determined that the exclusion by statute of certain procedural provisions[3] for the offense of driving under the influence of intoxicants is unconstitutional. The court held that despite its classification as a Class A traffic infraction,[4] the offense of driving while under the influence of intoxicants retained "too many penal characteristics not to be a 'criminal prosecution,'" 280 Or at 109, thus requiring the same constitutional safeguards afforded in criminal cases. We recently applied the *Brown* holding in *State v. Riggs,* 35 Or App 571, — P2d — (August 2, 1978), to the Class A traffic infraction of failure to

---

[1] ORS 487.515(3) and (4) provides:

"(3) A person commits the offense of speed racing on a highway if he drives a vehicle in any race, speed competition or contest, drag race or acceleration contest, test of physical endurance, exhibition of speed or acceleration, or makes a speed record, or participates in any manner in any such race, competition, context, test, or exhibition upon any road, street or highway in this state.

"(4) Speed racing on a highway is a Class A traffic infraction."

[2] ORS 484.375(2) provides:

"(2) The state, municipality or political subdivision shall have the burden of proving the alleged traffic infraction by a preponderance of the evidence."

[3] In traffic infraction cases:

1. Defense counsel will not be provided at public expense (ORS 484.390(1)).

2. Trial shall be by the court without a jury (ORS 484.375(1)).

3. The burden of proof is a preponderance of the evidence (ORS 484.375(2)).

[4] ORS 484.365(3)(a) provides:

"(3) As used in this section, 'Class A traffic infraction' means:

"(a) Driving while under the influence of intoxicants."

[ 305 ]

perform the duties required of a driver involved in an accident causing only property damage.[5]

The question before us is whether the holdings in *Brown* and *Riggs* require the application of the criminal burden of proof, *i.e.,* beyond a reasonable doubt, to the traffic infraction of speed racing, despite the statutory provision for proof by a preponderance of the evidence. For the reasons set forth below, we hold that they do not.

A person charged with speed racing faces many of the same sanctions as one charged with driving while under the influence of intoxicants or failure to perform the duties of a driver, *e.g.,* a possible $1,000 fine (ORS 484.360); possible suspension of driver's license (ORS 484.415); arrest (ORS 484.100 and 133.310(b)); and bail provisions (ORS 484.120 to 484.140). However, the traffic infraction of speed racing is *not* subject to ORS 484.365(1), which provides that certain offenses will be prosecuted as Class A misdemeanors if the defendant has been convicted of any of the traffic infractions or traffic crimes listed within the five-year period immediately preceding the commission of the offense. This retention of the criminal classification for second offenses was given particular weight by the Supreme Court in *Brown:*

"* * * The indication is strong that this decision [to retain criminal classification for second offenses] represented a legislative desire to 'decriminalize' the procedure rather than the offense * * *." 280 Or at 107-108.

We can likewise conclude that the indication is also strong that by omitting speed racing from the list of second offenses the legislature intended that the offense, as well as the procedure, be decriminalized. This is further supported by the fact that the legisla-

---

[5] ORS 484.365(3)(b) provides:

"(3) As used in this section, 'Class A traffic infraction' means:

"(b) Failure to perform the duties of a driver involved in an accident or collision which results only in damage to the property of another."

ture did not classify speed racing as a major traffic offense.[6] As a result of the exclusion of this offense from the category of major traffic offenses, a person charged with speed racing is not obliged to appear in court, but may waive the right to a hearing by paying his fine.

In these two major respects the legislature has sufficiently differentiated speed racing from the offenses examined in *Brown* and *Riggs.* Defendant was properly tried under a preponderance of the evidence burden of proof as provided by statute.

Affirmed.

---

[6] ORS 484.010(5) provides:

"(5) 'Major traffic offense' means a violation of any of the following provisions of law or a city ordinance conforming thereto:

"(a) Reckless driving as defined in ORS 487.550.

"(b) Driving while under the influence of intoxicants, as defined in ORS 487.540.

"(c) Failure to perform the duties of a driver involved in an accident or collision, as defined in subsections (1) and (2) of ORS 483.602 and subsection (1) and paragraphs (a) and (b) of ORS 483.604.

"(d) Operating a motor vehicle while the operator's or chauffeur's license is suspended or revoked, as defined in ORS 487.560.

"(e) Fleeing or attempting to elude a police officer, as defined in ORS 487.555."