Argued March 1, reversed April 2, 1979

STATE OF OREGON, *Respondent,*
*v.*
ROBERT MICHAEL MARQUETTE, *Appellant.*
No. DU7549, CA 12403)

592 P2d 1062

Roger L. Hill, Tigard, argued the cause and filed the brief for appellant.

Robert C. Cannon, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Donald L. Paillette, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Buttler and Joseph, Judges.

BUTTLER, J.

**BUTTLER, J.**

The defendant was involved in an automobile collision in April of 1977, and he was arrested on the charge of driving while under the influence of intoxicants (DUII), first offense. ORS 487.540. Before being tried on that charge, he was indicted on May 20, 1977 for assault in the second degree, based upon the same occurrence and, on September 1, 1977, was tried on that charge first. He was found guilty of assault in the third degree. On March 16, 1978, the defendant moved to dismiss the DUII charge on the ground of double jeopardy. The motion was denied, and on September 27, 1978, he was found guilty of DUII. Defendant appeals, assigning error to the court's denial of his motion to dismiss. We reverse.

Under Oregon's statutes[1] and its constitution,[2] a person cannot be placed in jeopardy twice for the same offense. The question before us is whether a defendant charged with DUII, which is statutorily classified as a traffic infraction and not a crime (for the first offense), is to be afforded the same protections against double jeopardy as are defendants in criminal prosecutions. The answer requires an analysis of *Brown v. Multnomah County Dist. Ct.*, 280 Or 95, 570 P2d 52 (1977), which held that the 1975 Vehicle Code did not remove the DUII offense from the constitutional and statutory protections applicable to other major traffic offenses which remained traffic *crimes* under the code. 280 Or at 110.

---

[1] ORS 131.515, in pertinent part, provides:

"Except as provided in ORS 131.525 and 131.535:
"* * * * *

"(2) No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

[2] Art I, § 12, Oregon Constitution provides:

"No person shall be put in jeopardy twice for the same offence (sic) * * *."

The Supreme Court, in *Brown*, determined that in light of the magnitude of the potential fine and other sanctions for the Class A traffic infraction of DUII, the offense retained too many penal characteristics not to be a "criminal prosecution" under Article I, Section 11 of the Oregon Constitution. The Court stated:

> "* *·* It follows, as we have said, that petitioner is entitled to the protections of this [Art I, section 11] and other sections governing criminal prosecutions, including the right to representation by counsel. * * *"

That would end our analysis were it not for ORS 484.395(1), which provides:

> "Notwithstanding ORS 131.505 to 131.535, if a person commits both a crime and a traffic infraction as part of the same criminal episode, the prosecution for one offense shall not bar the subsequent prosecution for the other. * * *"

In *Brown*, the Supreme Court did not address the impact of this section on its decision. There can be no doubt, however, that the legislature was attempting to avoid the application of traditional double jeopardy protection to traffic infraction cases. The official commentary of the Interim Committee on Judiciary states:

> "Subsection (1) removes the traffic infraction from the operation of the former jeopardy statutes * * *. Class A traffic infractions, even though relatively serious, would still be considered as civil offenses. As a result, if a criminal episode involved both a first offender DUIL and dangerous driving, for example, a prosecution for DUIL would not bar the subsequent prosecution for the criminal charge.
>
> "* * * * *." Proposed Oregon Vehicle Code 107, Commentary, § 140 (1975).

Clearly, then, this provision was intended to remove a first offender DUII from the statutory protections against double jeopardy, and we must determine whether the constitutional prohibition against double jeopardy precludes the application of the statute in light of *Brown v. Multnomah County Dist. Ct., supra.*

[522]

The Supreme Court, in discussing the constitutional prohibition against double jeopardy in *State v. Brown*, 262 Or 442, 497 P2d 1191 (1972), stated that Art I, section 12 prohibits a second prosecution if:

> "* * * (1) the charges arise out of the same act or transaction, and (2) the charges could have been tried in the same court, and (3) the prosecutor knew or reasonably should have known of the facts relevant to the second charge at the time of the original prosecution." 262 Or at 458.

All of those prerequisites are met here. There is no question that the charges did arise out of the same act or transaction, *State v. Matischeck*, 20 Or App 332, 531 P2d 737 (1975), and that the charges could have been tried in the same court. As to the third prerequisite, the prosecutor had knowledge of both offenses at the comencement of the first prosecution.

We conclude that because *Brown v. Multnomah County Dist. Ct., supra,* holds that a DUII defendant is entitled to the same constitutional protections afforded any criminal defendant and because the *State v. Brown* test for the application of the constitutional prohibition against double jeopardy is met, the defendant's motion to dismiss should have been granted.

Reversed.