Submitted on record and briefs April 29, affirmed August 24, 1983

# VALLEY STATE BANK,
*Respondent,*

*v.*

# GIBSON,
*Defendant,*
WRIGHT et ux,
*Appellants.*

(16-82-01889; A26410)

668 P2d 459

James R. Cartwright, Portland, filed the briefs for appellants.

William H. Martin, and Husk, Gleaves, Swearingen, Larsen & Potter, Eugene, filed the brief for respondent.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is an action to collect on a promissory note. The trial court awarded plaintiff summary judgment against defendant Sandra Gibson, a co-maker, and defendants Wright, the guarantors. Defendants Wright appeal. The issue is whether there was any genuine issue of material fact concerning the execution of the Wrights' guaranty agreement. We affirm.

Leo Gibson had several outstanding loans from plaintiff bank. He was having difficulty making his payments. He applied for an additional loan of $7,000. The bank would only grant the new loan if he had a guarantor. At Leo's request, the Wrights, Leo's brother and sister-in-law, agreed to act as guarantors.

A meeting was scheduled between the Wrights and a bank loan officer, who explained to the Wrights that the bank was considering making Leo a $7,000 loan but that it required a guarantor. He did not tell the Wrights that Leo had a prior indebtedness to the bank, that by their guaranty the Wrights would be guaranteeing that *prior* indebtedness in addition to the new loan, that Leo was having financial difficulties or that the Bank's guaranty agreement form contained a waiver of notice provision. The guaranty agreement provided in relevant part that the principal amount guaranteed was "Unlimited." The Wrights signed the guaranty agreement, apparently without reviewing it in detail.

Later, still in financial trouble, Leo wanted to restructure his indebtedness to the bank. The bank agreed to Leo's proposal on condition that his wife Sandra be added as a principal and that the Wrights execute a new guaranty agreement. Leo again contacted the Wrights. He explained to them that he was consolidating his loan and that he needed them to sign a new guaranty agreement. He presented them with a guaranty form, which they then signed. The *new* guaranty agreement, which forms the basis for this action, provides in relevant part that the principal amount guaranteed was "All amounts owing" and "Unlimited." Leo had given the Wrights the guaranty form several days before they returned it to the bank. There was no discussion with bank officials by the Wrights before they signed or when they returned it to the bank.

When the Gibsons defaulted, the bank brought this action against them as principals and against the Wrights as

guarantors. The Wrights countersued for reformation on the ground that they were operating under a unilateral mistake of fact regarding their obligations under the guaranty agreement and that the bank knew or should have known that they executed the agreement under that mistake of fact. The Wrights do not dispute their liability to the bank for the $7,000 additional loan to Leo, which they originally intended to guarantee.

The Wrights alleged that Leo misrepresented the nature of the guaranty obligation to them, that the bank had a duty to inform them that the guaranty obligation extended to all of Leo's prior and future indebtedness, that the bank knew or should have known of their mistake and that it failed to inform them of the true nature of the guaranty obligation.

The Wrights identify the fact issues as the bank's alleged knowledge that they did not know the nature and extent of their guaranty obligations and the bank's duty to disclose the nature and extent of those obligations to them. Restatement Security § 124(1) (1941), provides:

> "Where before the surety has undertaken his obligation the creditor knows facts unknown to the surety that materially increase the risk beyond that which the creditor has reason to believe the surety intends to assume, and the creditor also has reason to believe that these facts are unknown to the surety and has a reasonable opportunity to communicate them to the surety, failure of the creditor to notify the surety of such facts is a defense to the surety."

Some showing that the bank knew or should have known of the Wrights' alleged lack of knowledge is necessary to raise a fact issue. *Coke v. Reliance Ins. Co.,* 262 Cal App 2d 406, 68 Cal Rptr 741 (1968). Where, as here, the Wrights assumed the risk at Leo's request, the bank could reasonably assume that they had made inquiries themselves about the Gibsons' financial circumstances and their obligation to the bank that the Wrights were being asked to guarantee. *See St. Charles Nat'l Bank v. Ford,* 39 Ill App 3d 291, 349 NE2d 430 (1976).

The record on summary judgment does not present any facts that reach the question of the bank's knowledge of facts unknown to the Wrights that would materially increase the Wrights' risk beyond that which the bank had reason to

believe the Wrights intended to assume. Neither are there any facts in the record that would reasonably cause the bank to believe that the Wrights had not read the guaranty agreement that had been given to them by Leo several days before they returned it, or that they were not apprised of the Gibsons' obligation to the bank that they were being asked to guarantee.

In her affidavit, Rose Wright stated only that the bank had failed to inform the Wrights of the provisions of the first guaranty agreement other than by furnishing them a copy. She did not state that the bank knew of the Wrights' alleged mistake or that it knew of Leo's alleged misrepresentations to them. Her affidavit does not state that the Wrights had not read the second agreement. That contention is found only in the Wrights' brief. Further, she failed to state any facts that reasonably would have put the bank on notice of their ignorance of the terms of their guaranty. Because the Wrights did not make a showing that the bank had the requisite knowledge, the trial court correctly granted the bank summary judgment on that issue. Furthermore, the second guaranty, the one at issue, was never discussed with the bank.

■■ The Wrights also alleged that the bank had a duty to inform them that the guaranty agreement contained provisions waiving notice of future events that could materially affect their rights. They cite no authority supporting that claim of duty, and we have found none. They also attack the provision of the guaranty agreement as unconscionable. They did not raise that theory below, and we will not consider it. We conclude that the Wrights are bound by the second guaranty agreement. *See Knappenberger v. Cascade Ins. Co.,* 259 Or 392, 397, 487 P2d 80 (1971).

Affirmed.