Argued and submitted November 5, 1982, affirmed April 11, 1984

# BROOKS,
### *Appellant,*

*v.*

# CITY OF BEAVERTON et al,
### *Respondents.*

## (40-162; CA A24315)

679 P2d 343

Henry Kane, Beaverton, argued the cause and filed the brief for appellant.

Eleanore S. Baxendale, Beaverton, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff, a former City of Beaverton police officer who retired because of an on-the-job physical disability, brought this action against the city seeking interpretation and specific performance of a disability provision contained in a collective bargaining agreement between the Beaverton Police Association and the city. The trial court granted the city's motion for summary judgment on its affirmative defense that plaintiff had not complied with the grievance provisions of the agreement and, therefore, had no right to bring this action. Plaintiff appeals, and we affirm.

Plaintiff's underlying contention is that the city's action in purchasing an insurance policy that provided for disability payments for the first 24 months of an employe's inability to perform his regular employment and for disability thereafter only if the employe was unable to perform *any* employment fails to comply with the collective bargaining agreement. He contends that the agreement required the city to obtain insurance providing disability payments for the entire period of time during which a police officer is not able to return to his regular duties and that the city breached the agreement. The trial court did not reach that question, because the grievance procedure contained in the agreement, the final stage of which involved submission of the grievance to arbitration, specifically applies to any disputes as to the meaning or interpretation of the agreement. The court dismissed the action on the ground that plaintiff had failed to comply with those provisions.

■■     Plaintiff's first contention is that, because ORS 33.210 bars arbitration in collective bargaining disputes, he may not be held to have abandoned the grievance. ORS 33.210 provides:

> "All persons desiring to settle by arbitration any controversy or quarrel, except such as respect the title to real estate or the terms or conditions of employment under collective contracts between employers and employes or between employers and associations of employes, may submit their differences to the award or umpirage of any person or persons mutually selected."

Standing alone, that statute appears to support plaintiff's position. However, a statute may not be interpreted in isolation; it must be construed with other statutes dealing with the

same subject. *Davis v. Wasco IED,* 286 Or 261, 272, 593 P2d 1152 (1979). If there is a conflict between two statutes, the more specific act usually controls over a more general one. *Thompson v. IDS Life Ins. Co.,* 274 Or 649, 656, 549 P2d 510 (1976).

ORS 33.210 is a part of the general statutory provisions, ORS 33.210 to 33.340, dealing with special arbitration and award proceedings. On the other hand, the legislature has enacted a thorough and detailed statutory scheme for the resolution of collective bargaining disputes between public employes and the governmental entities that employ them. ORS 243.650 to 243.782. That statutory scheme not only contemplates that arbitration will be used in collective bargaining disputes, but makes it an unfair labor practice for a public employer or employe to refuse to arbitrate when the collective agreement requires arbitration. ORS 243.672(1)(g) and (2)(d). The Employment Relations Board may require the errant party to proceed with arbitration, ORS 243.676(2), and may compel acceptance of an award if the agreement provides that the award is final.

■       It is apparent that grievance procedures, including arbitration, provided for in collective agreements for the resolution of disputes are not governed by ORS 33.210, but by the specific provisions of ORS 243.650 to 243.782. *See Vaughn v. Pacific Northwest Bell Telephone,* 289 Or 73, 611 P2d 281 (1980). Arbitration is not only a permissible method of resolving collective bargaining disputes for public employes but when, as here, the employes are prohibited from striking, ORS 243.736, the legislature has provided for compulsory arbitration. ORS 243.742.

■       Plaintiff next argues that he did comply with the collective bargaining agreement, because he acted within 15 days of his actual knowledge of the dispute. The record establishes that, although plaintiff was not given a copy of the insurance contract at the time that he retired, he was given a copy of the group insurance certificate. The second of two pages of that certificate states:

"A.   Definition of Total Disability.

"For purposes of Long Term Disability Insurance, the term total disability in connection with any one continuous period of disability is defined as follows:

"1) During the elimination period and for the first 24 months thereafter, total disability means complete inability of the Member to engage in his regular occupation.

"2) Thereafter during the continuance of the same period of disability, total disability means complete inability of the Member to engage in any employment or occupation for which he is or becomes reasonably fitted by reason of education, training or experience."

Although plaintiff claims not to have read anything but the first page of that certificate, he acknowledges having had it in his possession. It was given to him by the city so that he would know his rights under the disability policy. Although there are no cases defining knowledge for the purposes of determining when an employe knows he has a grievance, it is reasonable to apply the same standard as that applied in insurance and other contract cases to the effect that a person is deemed to have read those relevant documents when he has them in his possession. *Knappenberger v. Cascade Ins. Co.*, 259 Or 392, 398, 487 P2d 80 (1971); *Valley State Bank v. Gibson,* 64 Or App 385, 389, 668 P2d 459 (1983). Because plaintiff had a copy of the group insurance certificate, he is deemed to have known of the coverage provided under the policy at least by the date of his retirement.

■　　As a matter of law, therefore, plaintiff had knowledge of a grievance on the coverage issue no later than that date. It is undisputed that plaintiff failed to file a written grievance, as required by the contract, within 15 days of his knowledge or at any time prior to the filing of this lawsuit. The trial court did not err in holding that plaintiff's claim is barred by his failure to comply with the contractual grievance procedure.

■　　Plaintiff now attempts to excuse his failure to pursue the grievance procedure by asserting in his affidavit that the union violated its duty of fair representation, either by inaction with respect to his claim, or by failing to see that the contract was properly implemented. However, the union is not a party to this case, and the theory of the complaint is that the city breached the collective agreement. Further, there is nothing in the affidavit that raises a question of fact as to whether anything the union did or did not do impaired plaintiff's ability to pursue the grievance procedure. That procedure may be carried through step III by the employe

without action by the union, and plaintiff did not seek union participation until it was too late under the contractual provisions.

■      Finally, plaintiff contends that he has a statutory right under ORS 237.620 to greater benefits than provided by the insurance contract.[1] Again, however, his complaint encompasses only an alleged breach of contract by the city; he does not allege that the city's benefit package is not equal to or better than benefits under the Public Employment Retirement System. Even if the PERS statutes provide a statutory right of action, that claim was not properly before the court.

Affirmed.

---

[1] Plaintiff also alleges that the trial court was prejudiced. We find no merit in this contention.