Argued and submitted June 6, affirmed November 19, 1986

# CITY OF LAKE OSWEGO,
*Appellant,*

*v.*

# RITCHIE,
*Respondent.*

(85-119; CA A36084)

728 P2d 882

Sandra N. Duffy, Deputy City Attorney, Lake Oswego, argued the cause and filed the briefs for appellant.

James E. Dicey, Jr., Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

Deits, J., dissenting.

## RICHARDSON, P. J.

Defendant was charged with speed racing, a class A traffic infraction. *Former* ORS 487.515 (now renumbered ORS 811.125). He was tried and acquitted in the Lake Oswego municipal court. The city appealed pursuant to ORS 153.595(1), seeking a second trial in the circuit court.[1] *See* ORS 53.090. Defendant moved to dismiss the appeal on the ground that it would constitute a second prosecution for the same offense and would therefore violate his right against double jeopardy. The circuit court agreed and dismissed the action. The city appeals, and we affirm.

The parties focus principally on constitutional issues, and the trial court apparently based its decision on constitutional grounds. *See* Or Const, Art I, § 12; *Brown v. Multnomah County Dist. Ct.*, 280 Or 95, 570 P2d 52 (1977); *but see State v. Walter*, 36 Or App 303, 584 P2d 356 (1978), *rev den* 285 Or 1 (1979). However, the parties also make statutory arguments. Because we conclude that the judgment should be affirmed on statutory grounds, we do not reach the constitutional arguments.

■      ORS 131.515(1) provides that "[n]o person shall be prosecuted twice for the same offense." Speed racing is punishable by a fine. ORS 153.615(2)(a); ORS 153.623(4). It is therefore an "offense" under ORS 161.505, which defines that term, *inter alia,* as "conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state" and as including "either a crime or a violation or an infraction." *See also* ORS 153.505(1). ORS 153.585(1) provides, in pertinent part:

---

[1] ORS 153.595 provides:

"An appeal from a judgment involving a traffic infraction may be taken by either party:

"(1) From a proceeding in justice's court or city court, as provided in ORS chapter 53;

"(2) From a proceeding in district court, as provided in ORS chapter 46; or

"(3) From a proceeding in circuit court as provided in ORS 19.005 to 19.026 and 19.029 to 19.200."

The city explains in its brief, and defendant does not dispute, that "[t]he Lake Oswego City Charter provides that the Municipal Court shall operate under rules and statutes applicable to justice courts. Lake Oswego City Charter §22D." The phrase "or city court" was added to the statute by Oregon Laws 1985, chapter 342, section 23, after defendant's acquittal in the municipal court.

"Notwithstanding ORS 131.505 to 131.535, if a person commits both a crime and a traffic infraction as part of the same criminal episode, the prosecution for one offense shall not bar the subsequent prosecution for the other. * * *"

The city argues that "ORS 153.585(1) exempts traffic infractions from double jeopardy protection." That argument is only partially correct. ORS 153.585(1) relates only to the provisions of ORS 131.505 *et seq* which bar separate prosecutions for different offenses. *See, e.g.,* ORS 131.515(2). ORS 153.585(1) creates no exception to the proscription of ORS 131.515(1) against repeated prosecutions for the same offense.[2] In this case, the city seeks to prosecute defendant in the circuit court for the same offense of which the municipal court acquitted him.

■    The city's more colorable statutory argument is that ORS 153.595(1) expressly authorizes prosecutorial appeals and that that express authorization "takes precedence over the prohibition of a retrial" under the former jeopardy statutes.[3] ORS 153.585 and 153.595 were adopted through the same act. Or Laws 1975, ch 451, §§ 140, 140b. The city's argument presupposes that they are necessarily inconsistent. However, our duty is to begin with the opposite assumption and, if possible, to construe the statutes as being consistent.

The meaning of ORS 131.515(1) and, at least as relevant here, of ORS 153.585(1) is clear. However, ORS 153.595(1) is susceptible to different interpretations. The city postulates that the phrase "[a]n appeal from a judgment

---

[2] In *Brown v. Multnomah County Dist. Ct., supra,* the court said, in *dictum:*

"[T]he statute also expressly withdraws the protection against double jeopardy from 'traffic infractions,' [citing *former* ORS 484.395, the previous codification of ORS 153.585]." 280 Or at 99.

We understand that statement in *Brown* to mean that the statute eliminates former jeopardy protections only in the multiple offense context to which it expressly pertains.

[3] The city bolsters its argument by citing ORS 153.505(3), which provides:

"Except as ORS 153.525 and 153.595 and other statutes relating to a traffic infraction otherwise expressly provide, the criminal and criminal procedure laws of this state relating to a violation as described in ORS 161.505 and 161.565 apply with equal force and effect to a traffic infraction."

We do not think that that statute has any independent bearing on the issue here. It does not purport to affect either ORS 131.515(1) or 153.585(1).

involving a traffic infraction may be taken by either party" contemplates a plenary appeal by the prosecution after the defendant has been acquitted in a trial on the merits. We discern, and the city suggests, no *necessary* reason why the statute must be so interpreted. State's appeals are also permitted by ORS 138.060, under limited circumstances that do not include appeals after acquittals. Although we need not decide at this time whether prosecutorial appeals authorized by ORS 153.595(1) are confined to the circumstances under which ORS 138.060 permits the state to appeal, ORS 138.060 does illustrate that the bare statutory authorization of an appeal by the state does not automatically mean that the state may appeal under all the circumstances in which a criminal defendant or a party to a civil action could.

The strongest argument to be made for the city's interpretation is that ORS 153.595(1) provides that appeals from justice or city courts are to be "as provided in ORS chapter 53." ORS 53.090 provides that appeals under that chapter "shall be deemed pending and for trial" in the appellate court "as if originally commenced in such court, and the court * * * shall proceed to hear, determine and try [the cause] anew * * *." However, the reference to ORS chapter 53 in ORS 153.595(1) does not have to be interpreted as an incorporation of *all* of the provisions in chapter 53, and it should not be so interpreted insofar as particular provisions in the chapter are contrary to the legislature's intent in enacting ORS 153.595(1).

We think that there are compelling reasons for concluding that ORS 153.595(1) was not meant to authorize the prosecution to seek a retrial in a second court of an offense for which the defendant has been tried and acquitted. In the first place, as we have noted, the opposite conclusion would place the statute in conflict with the former jeopardy statutes, one of which was enacted through the same act as ORS 153.595. Moreover, the contrary conclusion would make subsection (1) aberrant in the context of the other subsections of ORS 153.595. Subsections (2) and (3) provide, respectively, that appeals from district court judgments involving traffic infractions are to be as provided in ORS chapter 46 and that appeals from circuit court judgments are to be as provided in ORS chapter 19. In neither instance could a prosecutorial appeal be for a second trial, and in neither instance would a state's

appeal from an acquittal be permissible. We regard it as unlikely that the legislature intended to confer a different scope of appellate review through the different subsections of ORS 153.595. We do not believe that it intended that statute to be inconsistent with the former jeopardy statutes in connection with traffic infractions tried in justice courts but consistent with those statutes in connection with traffic infractions initially tried in district courts or circuit courts.[4] *See* ORS 153.565.

The legislative history recited by the dissent is facially imposing, but it does not convince us. The dissent refers to the May 30, 1975, amendment proposed by Representative Bunn and to the House Judiciary Committee counsel's explanation of the need for the amendment. (82 Or App at 440-41.) Although the legislative counsel stated that the purpose of the amendment was to allow state appeals from *acquittals,* that was not what the amendment in fact proposed: as quoted by the dissent (82 Or App at 441, n 1), the proposed amendment would have authorized appeals by either party "from a *conviction.*" (Emphasis supplied.) It is of course true that, before the bill was finally enacted, the word "conviction" was changed to "judgment." However, that leaves us where we were without any legislative history; Representative Bunn's proposal does not assist the dissent's position, and the committee staff member's contemporaneous explanation of the proposal is of no significance, because his stated understanding was contrary to what the proposal unambiguously said.

We also attach little weight to the statement in the House Judiciary Committee's *Revised Summary of Proposed Vehicle Code* that "[t]he state was granted a right to appeal from an acquittal of a traffic infraction." The statements in such legislative summaries must be viewed with caution, especially when they are unambiguous propositions which are not also stated unambiguously in the act they summarize. Indeed, the fact that the committee staff stated the proposition clearly in the summary shows that it knew how to do so, and the absence of a similarly clear statement in the statute *may* therefore denote that the proposition was *not* intended by

---

[4] It is noteworthy that the current procedures for appeals from district court judgments were largely established through Oregon Laws 1975, chapter 611, by the same session of the legislature which enacted ORS 153.585 and 153.595.

the committee or the legislature when the votes were counted. *See Whipple v. Howser,* 291 Or 475, 632 P2d 782 (1981). The same point is well illustrated by the commentary in *Proposed Oregon Vehicle Code* 107, § 140 (1975), also cited by the dissent, that "[s]ubsection 1 [of section 140 (now ORS 153.585(1)], removes the traffic infraction from the operation of the former jeopardy statutes." As we have noted, the statute, unlike the commentary, makes only those provisions of the former jeopardy statutes which concern successive prosecutions for *separate* offenses inapplicable to traffic infractions.

We conclude that ORS 131.515(1) and 153.585(1) are the controlling statutes here and that they prohibit a second prosecution of defendant for the same offense. The trial court was correct in dismissing the city's appeal.

Affirmed.

**DEITS, J.,** dissenting.

I disagree with the majority's conclusion that ORS 153.595(1) does not allow the city to appeal a Lake Oswego Municipal Court acquittal of a charge of "speed racing," *former* ORS 487.515 (now ORS 811.125), to circuit court for trial *de novo.*

ORS 153.595 provides:

"An appeal from a judgment involving a traffic infraction may be taken by either party:

"(1)   From a proceeding in justice's court or city court, as provided in ORS chapter 53 * * *."

The majority concludes that ORS 153.595(1) does not allow a prosecutorial appeal of a municipal court acquittal because such a reading of the statute would conflict with the double jeopardy restrictions of ORS 131.515 and would be inconsistent with the legislature's intent in the adoption of those statutes.

However, examination of the legislative history of 153.595(1) reveals that it was the intent of the legislature to allow such appeals. The statute had its genesis in Senate Bill 1, *see* Or Laws 1975, ch 451, § 140(b), a measure which significantly revised the Oregon traffic code. Language closely

resembling *present* ORS 153.595(1)[1] was introduced by Representative Bunn of the House Judiciary Committee in response to the following comment by Legislative Counsel:

> "One other amendment suggested by Mick Gillette would be an amendment to permit the state to appeal a judgment in traffic infraction cases. Without the amendment, he is of the opinion that the state would not be able to appeal an adverse, an acquittal in a traffic infraction case."[2]

The motion to amend Senate Bill 1 carried unanimously.

Similar intent may also be found elsewhere in the legislative history. For example, the *Revised Summary of Proposed Vehicle Code* prepared by the House Committee on Judiciary provides:

> "This Article, sections 131 to 156, proposes four classes of a new, noncriminal offense denoted as a 'traffic infraction.' Except as otherwise specifically provided, *e.g.*, a license suspension or other similar sanction, the penalty for committing a traffic infraction would be a fine only, with the maximum fines for each class as provided in section 133.

> "In addition to proposing the new offense, the Article embodies new procedures for handling these offenses in the courts. Important changes in the existing adjudication procedures are made by the Article. For example, section 137 provides that trial of a traffic infraction would be by the court without a jury. The burden of proof standard would be a 'preponderance of the evidence.' Defense counsel would not be appointed, although a defendant, of course, could retain counsel. *The state was granted a right to appeal from an acquittal of a traffic infraction."* (Emphasis supplied.) House Committee on Judiciary, Exhibits, p 317, Senate Bill 1, Oregon State Archives, 1975. *See also Proposed Oregon Vehicle Code* 107, Commentary, § 140 (1975), *quoted in State v. Marquette,* 39 Or App 519, 522, 592 P2d 1062 (1979).

The majority correctly notes that, although Legislative Counsel stated that the proposal was intended to allow the state to appeal from an acquittal, the original proposal

---

[1] This amendment provided: "Section 140(b). An appeal from a conviction for a traffic infraction, except a traffic infraction prosecuted and made punishable as a Class A misdemeanor pursuant to Section 134 of this 1975 Act, may be taken by either party: (1) From a proceeding in justice court, as provided in ORS Chapter 53 * * *."

[2] Tape recording, House Committee on Judiciary, May 30, 1975, 1:00 p.m., Side 1 at 490 *et seq.*

submitted by Representative Bunn would only have allowed appeals from convictions. Because of that inconsistency, the majority dismisses counsel's statement as meaningless. If the clause "conviction for" had not later been replaced by "judgment involving," I would agree. However, the change in language made the proposal consistent with counsel's stated purpose as well as with the meaning given the section in the summary quoted above. Thus, I do not believe the relevance of these declarations of meaning should be so summarily dismissed. It is my belief that the substitution of language was undertaken to achieve Representative Bunn's intent: to allow a state appeal from a justice court acquittal on a traffic infraction charge.

In construing an ambiguous statute, such as this one, the duty of this court is to construe the statute in a manner consistent with the legislature's intent. The legislative record indicates that the purpose for the adoption of ORS 153.595(1) was to allow precisely the type of appeal taken by the City of Lake Oswego in this case. In addition, interpreting the statute to allow the state to appeal an acquittal is consistent with the general principle of statutory construction that, in case of a conflict between two statutes, a more specific act controls over a general one. *Brooks v. City of Beaverton,* 67 Or App 588, 679 P2d 343 (1984). In this case the legislature specifically authorized appeals by either party in these limited circumstances. This specific authorization should take precedence over the general double jeopardy prohibition. For these reasons, I would hold that the statutes allow the city to appeal the municipal court's determination.

In view of my conclusion, it becomes necessary to determine whether, in allowing such appeals, ORS 153.595(1) violates the Article 1, § 12, prohibition against double jeopardy.[3] I would hold that it does not. In *Brown v. Multnomah County Dist. Ct.,* 280 Or 95, 570 P2d 52 (1977), the Supreme Court held that a first time offender charged with DUII is entitled to the same constitutional protections as an individual charged with a crime. In *State v. Riggs,* 35 Or App 571, 582 P2d 457 (1978), *rev den* (1979), this court, applying the *Brown* reasoning, afforded those protections to one

---

[3] "No person shall be put in jeopardy twice for the same offence [*sic*]." Or Const, Art I, § 12.

charged with failure to perform the duties required of a driver involved in an accident causing only property damage (FPDD). *Former* ORS 483.604 (now ORS 811.700). However, in *State v. Walter,* 36 Or App 303, 584 P2d 356 (1978), *rev den* (1979), we held that a burden of proof beyond a reasonable doubt, one of the constitutional protections discussed in *Brown,* need not be applied in a trial on a speed racing charge. The factors which distinguished speed racing from DUII and FPDD were (1) DUII and FPDD were classified as major traffic offenses and speed racing was not, *former* ORS 484.010(5) (now ORS 153.500(5)), and (2) DUII and FPDD would be prosecuted as Class A misdemeanors if the defendant had been convicted of certain listed traffic infractions or crimes during the five-year period preceding the offense. *Former* 484.365(1).[4] Although our holding in *Walter* was restricted to the determination of the burden of proof applicable to a trial for speed racing, I believe the *Walter* reasoning compels my conclusion. The legislature intended to decriminalize speed racing and successfully did so. ORS 811.125 (and *former* ORS 487.515) do not retain sufficient characteristics of criminality to fall within the ambit of Article I, § 12.

---

[4] First offenses under the statutes proscribing DUII and FPDD are now Class A misdemeanors. ORS 813.010; ORS 811.700.