Argued and submitted April 22, affirmed September 14, reconsideration denied November 10, petition for review denied December 20, 1988 (307 Or 246)

# STATE OF OREGON,
*Respondent,*

*v.*

# ALFRED ROCKY KAMBRA,
*Appellant.*

(C87-01-30322; CA A44746)

761 P2d 539

Laura Graser, Portland, argued the cause and submitted the brief for appellant.

Frank Gruber, Assistant Attorney General, Salem, argued

the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

### ROSSMAN, J.

On January 7, 1987, defendant was stopped and issued two citations, one for felony driving while suspended (DWS) and the other for driving with "switched license plates." ORS 811.175; ORS 803.540(1)(d). He was indicted on January 27 for felony DWS. On January 30, he pled guilty to driving with switched plates. Thereafter, he moved to dismiss the felony DWS charge on the ground of former jeopardy. The trial court denied defendant's motion, and he was convicted on stipulated facts. The issue on appeal is whether prosecution for the crime of DWS is barred by defendant's plea of guilty for driving with switched license plates, a class B traffic infraction. Art. I, § 12, Oregon Constitution.[1] We hold that it is not and affirm.

Defendant argues that ORS 131.515(2) bars the prosecution:

"No person shall be separately prosecuted for two or more offenses based upon the same criminal episode,[2] if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

ORS 161.505 defines "offense":

"[C]onduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state or by any law or ordinance of a political subdivision of the state. An offense is either a crime or a violation or an infraction."

However, ORS 153.585(1) creates an express exception to statutory limitations on subsequent prosecution when one of the offenses is a traffic infraction:

"Notwithstanding ORS 131.505 to 131.535, if a person commits both a crime and a traffic infraction as part of the same criminal episode, the prosecution for one offense shall not bar the subsequent prosecution for the other."

Under that exception, defendant's prosecution for the infraction of driving with switched license plates does not bar his prosecution for the crime of DWS.

---

[1] Article I, section 12, provides:

"No person shall be put in jeopardy twice for the same offence [sic] * * *."

[2] A plea of guilty constitutes a "prosecution." *See State v. Farley,* 301 Or 668, 671, 725 P2d 359 (1986).

■. The statutory exception created by ORS 153.585 cannot, however, prevail over the constitutionally created double jeopardy protection of Article I, section 12. In *State v. Marquette,* 39 Or App 519, 592 P2d 1062 (1979), the first prosecution was for assault and the second was for driving while under the influence of intoxicants (DUII). After noting that, under *Brown v. Multnomah County Dist. Ct.,* 280 Or 95, 570 P2d 52 (1977), a DUII offense, because it has too many penal characteristics not to be a "criminal prosecution," is subject to all the protections applicable to other major traffic offenses which remained traffic *crimes* under the 1975 Vehicle Code, notwithstanding that DUII was statutorily classified as an infraction, 39 Or App at 521, we held:

> "[B]ecause *Brown v. Multnomah County Dist. Ct., supra,* holds that a DUII defendant is entitled to the same constitutional protections afforded any criminal defendant and because the *State v. Brown* [262 Or 442, 497 P2d 1191 (1972)] test for the application of the constitutional prohibition against double jeopardy is met,[3] the defendant's motion to dismiss should have been granted." 39 Or App at 523.

However, unlike DUII, driving with switched license plates is a *noncriminal* infraction. It meets none of the criteria that the *Brown* court used to determine the criminal nature of a DUII charge. *Brown v. Multnomah County Dist. Ct., supra,* 280 Or at 102. The offense of driving with switched license plates is not of the "type" that is necessarily criminal in nature nor of substantial "gravity." The penalty does not include potential imprisonment; the maximum potential fine is $250 as compared to $1,000 for DUII. Defendant points to no "collateral consequences" that would make the infraction criminal in nature. There is no stigmatizing effect of a conviction. A person cannot be arrested for the infraction. ORS 813.410(3)(a). Prosecution of minor traffic infractions is initiated by a police officer rather than the district attorney, who is in fact prohibited from appearing in such cases, except when the defendant is represented by counsel. ORS 153.580.

---

[3] In *State v. Brown, supra,* 262 Or at 458, the Supreme Court stated that Article I, section 12, prohibits a second prosecution if:

> "* * * (1) the charges arise out of the same act or transaction, and (2) the charges could have been tried in the same court, and (3) the prosecutor knew or reasonably should have known of the facts relevant to the second charge at the time of the original prosecution."

In sum, double jeopardy under Article I, section 12, can occur only in offenses which are *criminal* in nature. Because driving with switched plates is not a crime, a prosecution for it does not establish a basis for a claim of constitutional double jeopardy.

Affirmed.