Argued August 28, affirmed October 30, 1978

STATE OF OREGON, *Appellant,*

*v.*

DONALD CARL OFFET, *Respondent.*

(No. T 53015, CA 11126, No. T 57277, CA 11127)

(Cases consolidated)

585 P2d 765

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Larry A. Brown, Eugene, argued the cause for respondent. With him on the brief was Flinn & Brown, Eugene.

Before Schwab, Chief Judge, and Gillette and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

This is an appeal by the state in which the trial court granted a motion to dismiss a complaint for driving under the influence of intoxicants (DUII), a Class A traffic infraction.

Defendant was first cited for the traffic crime of DUII, which is a Class A misdemeanor under ORS 484.365(1) and (3)(a).[1] The state alleged this was defendant's second DUII offense. At trial, the court allowed defendant's motion to exclude the evidence offered of his prior conviction because it failed to show that he had been previously convicted of a DUII offense. The prosecution offering no further evidence of the prior offense, defense counsel moved for an acquittal on the grounds that an essential element of the traffic crime had not been proven. The state maintained that the defendant was still on trial for the Class A traffic infraction as provided in ORS 487.540[2] as a lesser included offense.[3] Defendant argued that

---

[1] ORS 484.365(1) and (3)(a) provides:

"(1) Any Class A traffic infraction, as defined in subsection (3) of this section, shall be prosecuted and be punishable as a Class A misdemeanor if the defendant has been convicted of a Class A traffic infraction, as defined in subsection (3) of this section, or traffic crime within a five-year period immediately preceding the commission of the offense, and the previous conviction was not part of the same transaction as the present offense.

"(3) As used in this section, 'Class A traffic infraction' means:

"(a) Driving while under the influence of intoxicants."

[2] ORS 487.540 provides:

"(1) A person commits the offense of driving while under the influence of intoxicants if he drives a vehicle while:

"(a) He has .10 percent or more by weight of alcohol in his blood as shown by chemical analysis of his breath, blood, urine or saliva made under ORS 487.805 to 487.815 and 487.825 to 487.835; or

"(b) He is under the influence of intoxicating liquor, a dangerous drug or narcotic drug; or

"(c) He is under the influence of intoxicating liquor and a dangerous drug or narcotic drug.

"(2) Driving while under the influence of intoxicants is a Class A traffic infraction."

[3] In *State v. Mink,* 30 Or App 339, 567 P2d 1033, *rev den* 280 Or 397 (1977), we found the DUII traffic infraction to be a lesser included offense

since the jury had already been advised of the prior conviction, it would be prejudicial to allow it to try the traffic infraction, and that the court should grant the acquittal. The state responded that the defendant's proper remedy, if any, would be a motion for a mistrial because it would be improper to grant an acquittal where a lesser included offense was involved. The state moved to proceed with trial on the offense of DUII as an infraction. The court granted the motion of judgment of acquittal on the DUII crime and denied the motion to proceed on the infraction.

Two weeks later the state filed a new complaint charging defendant with the DUII infraction. The defendant responded with a motion to dismiss on grounds of double jeopardy. The court granted the motion to dismiss and the state appeals the granting of this motion.

The state argues that the denial of the motion to proceed to trial on the lesser included DUII infraction was the "functional equivalent" of the declaration of a mistrial because it was based on the fact that the jury had heard about the prior offense. The state proceeds to argue that since the first action ended in a mistrial, double jeopardy does not attach.

■■ The court should have entered an order of mistrial in the first proceeding; instead it entered a judgment of acquittal. A judgment of acquittal bars any further proceeding.

Affirmed.

---

of the DUII traffic misdemeanor. Because *Mink* preceded the Supreme Court's decision in *Brown v. Multnomah County Dist. Ct.,* 280 Or 95, 570 P2d 52 (1977), we concluded that the infraction could not be submitted to a jury trial for the infraction but that it could be tried to the court.