Argued and submitted June 16, affirmed September 9, 1987

# STATE OF OREGON,
*Respondent,*

*v.*

# REGINALD ANTHONY CUFFEE,
*Appellant.*

(86082062; CA A42559)

742 P2d 637

Kent Hickam, Albany, argued the cause and submitted the brief for appellant.

Jens Schmidt, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant appeals from his conviction for careless driving. He was charged with reckless driving, a misdemeanor, which is triable to a jury. ORS 811.140. Careless driving is a traffic infraction. ORS 811.135. Jury trials are not available for that offense. ORS 153.240(1). The jury acquitted defendant of reckless driving. The trial judge then found him guilty of careless driving and imposed a fine.

Defendant argues that his conviction of careless driving, after the jury had acquitted him of the greater offense, violated his rights against former jeopardy under ORS 131.515(3), which provides, in part:

"If a person is prosecuted for an offense consisting of different degrees, the conviction or acquittal resulting therefrom is a bar to a later prosecution for the same offense, for any inferior degree of the offense, for an attempt to commit the offense or for an offense necessarily included therein. * * *"

Careless driving is a lesser included offense of reckless driving. *See* ORS 136.465.

The former jeopardy statute is not violated if a jury, or a judge if the charge is tried without a jury, acquits a defendant of the crime with which he is formally charged but convicts him of a lesser included offense. *See* ORS 136.460; ORS 136.465; *State v. Ogden,* 35 Or App 91, 580 P2d 1049 (1978). Defendant argues, however, that that rule does not apply here, because the jury's acquittal on the reckless driving charge operates as an acquittal by the jury on all lesser included offenses.

The state relies on dictum in *State v. Mink,* 30 Or App 339, 567 P2d 1033, *rev den* 280 Or 397 (1977), where the defendant was charged with the crime of driving under the influence of intoxicants (DUII). He waived his right to a jury trial and was tried to the court, which found him not guilty of the crime of DUII, but guilty of the traffic infraction of DUII. We said there:

"It does not follow, however, that conviction for a DUII infraction is impossible in the jury trial of a DUII crime. Two different factfinders—the court and the jury—would listen to the same evidence. If the jury convicts on the DUII crime, any

further consideration of an infraction conviction is impossible. If, instead, the court withdraws the DUII crime from the jury or if the court submits the DUII crime to the jury which fails to find the defendant guilty beyond a reasonable doubt, then the court can proceed to consider whether the evidence establishes the DUII infraction by a preponderance of the evidence and pronounce judgment accordingly. Such a procedure is not a familiar one. But there is no reason to automatically equate the unfamiliar with the improper." 30 Or App at 344.

Defendant argues that *Mink* is in conflict with the former jeopardy provisions, as well as with *State v. Offet,* 36 Or App 865, 585 P2d 765 (1978). In *Offet,* the defendant was charged with the crime of DUII. He moved for acquittal on the ground that the state had failed to carry its burden of proof. The trial court granted the motion and denied the state's motion to proceed to trial on the offense of DUII as an infraction. The state later filed a new complaint for the DUII infraction. We held that the prior acquittal barred any later prosecution.

This case differs from *Offet.* There, the new complaint charging an offense which was a lesser included offense in the original complaint was the equivalent of a new prosecution for an offense of which the defendant had already been acquitted. In *Mink* the defendant waived a jury and was tried by the same factfinder on both the traffic crime and traffic infraction. Here, defendant was tried on one accusatory instrument by different factfinders, one of which acquitted him of the crime before the other found him guilty of the lesser included offense. Defendant was not subjected to a "later prosecution" for a lesser degree of the same offense. The prosecution was simultaneous. The burdens of proof for the traffic crime and the traffic infraction were different and, under ORS 153.240(1), the lesser offense *could not* have been submitted to the jury. In our view, the statutory protection against former jeopardy in a single proceeding under a single accusatory instrument is not violated by a conviction by the court of a lesser included offense which the jury could not try, any more than if he had been convicted by the jurors of a lesser included offense which is triable to the jury.

We hold that the court did not violate the former

jeopardy statute by finding defendant guilty of careless driving.

Affirmed.[1]

---

[1] The state also relies on ORS 153.260(1), which provides, in part:

"Notwithstanding ORS 131.505 to 131.535, if a person commits both a crime and an infraction * * * as part of the same criminal episode, the prosecution for one offense shall not bar the subsequent prosecution for the other."

We do not agree, however, that that statute or ORS 153.585(1) is applicable in this case. They contemplate separate offenses as distinct from lesser included offenses. *See City of Lake Oswego v. Ritchie,* 82 Or App 434, 728 P2d 882 (1986).