Argued and submitted August 29, affirmed October 31, 2001

STATE OF OREGON,
*Respondent,*

*v.*

MELVIRA DUMONT,
*Appellant.*

9900956CR; A107080

34 P3d 709

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, State Public Defender.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Judge, and Collins, Judge pro tempore.

BREWER, J.

## BREWER, J.

Defendant appeals her convictions for driving under the influence of intoxicants, ORS 813.010, and fleeing or attempting to elude a police officer, ORS 811.540.[1] In her first two assignments of error, defendant challenges the trial court's denial of her motion to suppress all observations of her by the police and any statements she made, and its rejection of her demurrer to the charge of attempting to elude.[2] In her combined argument on those assignments, defendant urges two grounds for reversal. First, she argues, as a matter of statutory construction, that ORS 811.540 does not prohibit a driver from ignoring a police officer's command to remain at the scene of a vehicle stop unless the officer reasonably suspects that the driver has committed an offense. Second, she contends that, if ORS 811.540 applies to all drivers of stopped vehicles, regardless of whether the officer reasonably suspects they have committed an offense, then it violates Article I, section 9, of the Oregon Constitution, and the Fourth Amendment to the United States Constitution. We conclude that defendant did not preserve at trial the arguments she makes on appeal and, therefore, we affirm.[3]

---

[1] ORS 811.540 provides, in part:

"(1) A person commits the crime of fleeing or attempting to elude a police officer if:

"(a) The person is operating a motor vehicle; and

"(b) A police officer who is in uniform and prominently displaying the police officer's badge of office or operating a vehicle appropriately marked showing it to be an official police vehicle gives a visual or audible signal to bring the vehicle to a stop, including any signal by hand, voice, emergency light or siren, and either:

"(A) The person, while still in the vehicle, knowingly flees or attempts to elude a pursuing police officer; or

"(B) The person gets out of the vehicle and knowingly flees or attempts to elude the police officer."

[2] Defendant's third assignment of error asserts that the trial court erred in failing, *sua sponte*, to grant a motion for judgment of acquittal on the charge of attempting to elude because there was insufficient evidence to convict defendant of that crime. We reject that unpreserved argument without discussion.

[3] The state asks us to reject defendant's second assignment of error on the ground that the arguments defendant made to the trial court could not properly be raised by demurrer. Because, as explained below, the assignment of error is not preserved, we need not address the state's procedural objection.

Officer Smith observed a vehicle being operated by defendant. Several passengers were inside the vehicle. Smith did not see defendant commit any traffic infraction. However, Smith recognized one of the passengers, Barkley, as the subject of an outstanding felony arrest warrant. Smith followed the vehicle, turned on his overhead lights, and stopped the vehicle at a residence owned by Barkley's father. Defendant, Barkley, and others got out of the vehicle and walked toward the residence. Smith told defendant to stop, but she continued to walk away and ultimately entered the residence. Smith obtained consent to enter the residence from Barkley's father. Smith located defendant inside the residence and placed her under arrest for attempting to elude. After her arrest, defendant made statements to Smith and other police officers that, together with observations the officers made, led to the additional charge of driving under the influence of intoxicants.

Defendant filed a pretrial motion to suppress all evidence obtained by the officers that was related to the charged offenses. The trial court held a hearing on the motion. Defendant filed a supplemental memorandum at the time of the hearing, in which her attorney argued:

"[Smith] initiated a stop based upon the presence of Charles Barkley in the front passenger seat. [Smith] initiated a stop unrelated to the commission of a crime, therefore the initial stop was either 1) not a significant restriction or interference with Defendant's individual liberty or freedom of movement and did not constitute a seizure, and Defendant had the right to walk away without having further contact with the police officer, or 2) a seizure based upon ORS 811.540(1)(b)(B), which must have required a stop based upon reasonable suspicion of the Defendant's criminal activity or arrest based upon probable cause to believe Defendant had committed a crime, or 3) was converted into a stop of Constitutional proportion by the show of authority by [Smith]."

At the suppression hearing, defendant's attorney conceded that ORS 811.540 prohibits a motorist from ignoring an officer's command to remain at the scene of a vehicle

stop, regardless of whether or not the officer reasonably suspects that the motorist has committed an offense.[4] However, defendant's attorney also argued that Smith had no right to detain and question defendant. When the court pressed for an explanation, the following colloquy ensued:

"THE COURT: Are you contending that the attempting to elude statute is unconstitutional?

"[COUNSEL]: I believe that under an equal protection argument that the new attempt to elude on foot statute, * * * which now does not guarantee the driver the same rights as a pedestrian . . . .

"THE COURT: But that is not what she has been cited for. I realize the amendment, but she has been cited under the vehicle code.

"[COUNSEL]: Right, the vehicle code says . . . .

"THE COURT: . . . Right, if you get out and walk away.

"[COUNSEL]: Right that that is now a crime. So if I have the right under and I will go back to *State v. Holmes*[, 311 Or 400, 813 P2d 28 (1991)]. That is where they talk about a pedestrian having, you know, the opportunity to basically walk away from a police encounter. Because it is [noncoercive] and non-restrained that if a police officer walks up to an individual on the street and says that I want to talk about this that the individual has the right to walk away. But if you are in a vehicle and there is no reasonable suspicion that a crime has been committed you do not have that simple right to walk away. And therefore, the pedestrian and the person in the vehicle are being treated differently. And we make a crime for the person who walks away in the vehicle. *So I believe there is an unconstitutional equal protection argument * * * to be made as applied to [defendant] in this case.*" (Emphasis added.)

The trial court denied defendant's motion to suppress. In a written order, the court ruled that "ORS 811.540 is constitutional as applied to a driver who, having been directed to stop by an officer, stops the vehicle, exits and walks away."

---

[4] In a colloquy with the trial court, counsel acknowledged that "[t]he statute appears to read that you cannot walk away from a stop regardless of whether the stop is lawful or unlawful." Counsel also conceded that, "[b]y the verbiage of the statute," drivers who walk away from any stop violate the statute.

At trial, defendant's attorney made an oral demurrer to the charge of attempting to elude. Counsel stated:

"That that charge as applied to [defendant] in this matter is unconstitutional as applied. * * * [B]asing that simply upon the fact that there was yes a stop of Defendant that was lawful, but a stop on the street without being in a motor vehicle an individual has a simple right to walk away without committing a crime. *What the legislature has done in this case, is they have made it a crime to walk away when there is no reasonable suspicion, there is no evidence that a crime has been committed and they are treating [people] in vehicles differently than they are treating people in—a pedestrian on the street. And that this would violate Article [I, s]ection 9[,] of the Oregon Constitution, Article 14 [sic] of the U.S. Constitution and I believe Article 4 [sic] of the U.S. Constitution.*" (Emphasis added.)

The trial court did not explicitly address the oral demurrer, thereby implicitly overruling it. Defendant then waived a jury trial and was convicted on stipulated facts in a trial to the court.

■ As noted, defendant's first argument on appeal is that, as a matter of statutory construction, ORS 811.540 does not prohibit a driver from ignoring a police officer's command to remain at the scene of a vehicle stop unless the officer reasonably suspects that the driver has committed an offense. It is readily apparent that that argument is not preserved. Although the argument appeared in defendant's memorandum in support of the motion to suppress, defendant's attorney conceded at the suppression hearing that, according to the plain language of the statute, defendant violated ORS 811.540 when she ignored the officer's command to stop after leaving her vehicle. In making that concession, defendant failed to preserve her current argument. If the trial court erred in construing the statute, defendant invited that error. *See State v. Popp,* 118 Or App 508, 510, 848 P2d 134 (1993). Accordingly, we decline to further consider it.

■ Defendant's second argument poses a different problem. Specifically, defendant argues that when Smith "attempted to further detain defendant under ORS 811.540, by ordering her to stop when she started to walk away, he initiated a 'seizure' in the sense of Article I, section 9." According

to defendant, "[i]f ORS 811.540 is interpreted to apply to defendant such that she was required to stop, that command to stop becomes an Article I, section 9[,] seizure * * * and is unconstitutional." Defendant relies on *Holmes,* a case she mentioned to the trial court. In *Holmes,* the Supreme Court discussed the test for determining whether a seizure has occurred in the context of encounters between citizens and the police. 311 Or at 409-10. On appeal, defendant argues that ORS 811.540, if applied by its terms in this case, would—in violation of state and federal constitutional seizure restrictions—permit defendant's seizure in the absence of any reasonable belief that she had committed an offense. That was not, however, her argument in the trial court. There, she appeared to understand the principles underlying *Holmes* to be limited to encounters between the police and *pedestrians.* Although defendant cited Article I, section 9, and the Fourth Amendment in support of her oral demurrer, the only constitutional argument she ever developed in the trial court was that the difference in treatment that ORS 811.540 required for *motorists* whose vehicles were stopped violated equal protection principles. Although that is the argument that the trial court considered and ruled on, defendant has abandoned it on appeal.

Defendant's attempt to revise her constitutional argument runs afoul of the Supreme Court's preservation jurisprudence. In *State v. Wyatt,* 331 Or 335, 340-43, 15 P3d 22 (2000), the trial court excluded a defense witness's testimony as a sanction for a discovery violation. At trial, the defendant did not deny the discovery violation but argued only that the need for the evidence had not been apparent earlier. On appeal, the defendant argued that there had been no discovery violation and that the trial court had erred in failing to impose a less onerous sanction. The court held that the shift in the defendant's argument violated the requirement that "a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to consider and correct the error immediately, if correction is warranted." *Id.* at 343.

Here, as in *Wyatt,* the shift in defendant's focus is not merely a technical matter of emphasis. Defendant now

argues that the same constitutional principles that apply to police-pedestrian encounters apply to encounters between the police and motorists. However, at trial she specifically directed the court away from that issue by suggesting that *differences* in the law applicable to the two types of encounters triggered equal protection concerns. If the trial court erred in failing to apply the constitutional principles on which defendant now relies, it is because defendant failed to make that argument with sufficient clarity to permit the trial court to discern and rule on it. Defendant's current constitutional argument is not preserved.

Affirmed.