Argued and submitted on November 30, 2004, reversed and remanded June 1, 2005

# STATE OF OREGON,
*Appellant,*

*v.*

# SCOTT A. WARNER,
*Respondent.*

## 9905-44488; A121246

112 P3d 464

Laura S. Anderson, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Anne Fujita Munsey, Deputy Public Defender, argued the cause for respondent. With her on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Before Landau, Presiding Judge, and Armstrong, Judge, and Deits, Judge pro tempore.

ARMSTRONG, J.

## ARMSTRONG, J.

The state appeals from an order dismissing two counts of a three-count indictment against defendant. The trial court granted defendant's motion to dismiss charges of driving under the influence of intoxicants (DUII), ORS 813.010, and reckless driving, ORS 811.140, on former jeopardy grounds. We reverse.

The charges against defendant arose from a May 7, 1999, traffic accident in which he was involved.[1] On that day, he was issued a traffic citation for three infractions: careless driving, driving uninsured, and failure to carry proof of compliance with financial responsibility requirements. In a separate citation, he was cited for the crime of DUII. On May 26, 1999, the district attorney charged defendant by information with reckless driving and DUII. On May 28, 1999, after defendant had failed to appear at a hearing on May 27, 1999, the district attorney amended the information to add a count of failure to appear.

On June 3, 1999, defendant was arraigned on the traffic infractions and pleaded no contest. The court convicted defendant of the infractions of careless driving, driving uninsured, and failure to carry proof of compliance with financial responsibility requirements and entered judgment accordingly.[2]

---

[1] For the facts of the accident, see *State v. Warner*, 181 Or App 622, 47 P3d 497 (2002), *rev den*, 335 Or 42 (2003), which was an appeal from a pretrial evidentiary ruling in this case.

[2] We note that ORS 131.505(5), which defines "prosecuted for an offense," provides that jeopardy attaches when an action either:

"(a) Terminates in a conviction upon a plea of guilty, except as provided in ORS 131.525(2);

"(b) Proceeds to the trial stage and the jury is impaneled and sworn; or

"(c) Proceeds to the trial stage when a judge is the trier of fact and the first witness is sworn."

Here, the action against defendant terminated in a conviction after a no contest plea rather than a guilty plea. We treat that action as a former prosecution for purposes of the former jeopardy statutes. *See State v. Blair*, 75 Or App 12, 16, 705 P2d 752, *rev den*, 300 Or 180 (1985) (explaining that jeopardy attaches for statutory purposes after a conviction is entered on a no contest plea); *see also State v. Farley*, 78 Or App 102, 106-07, 714 P2d 1079, *rev'd on other grounds*, 301 Or 668, 725 P2d 359 (1986) (suggesting that the omission of no contest pleas from a related statute, ORS 131.525(2), was merely "legislative oversight," and stating that, for purposes

When the state then proceeded with the prosecution on the criminal information, defendant protested that his careless driving conviction barred the state from prosecuting him for reckless driving and DUII. He filed a motion to dismiss those charges, citing ORS 131.515, Article I, section 12, of the Oregon Constitution, and the Fifth Amendment to the United States Constitution.[3] As noted, the trial court granted defendant's motion. The state assigns error to that ruling.

ORS 131.515, the former jeopardy statute, provides:

"Except as provided in ORS 131.525 and 131.535:

"(1)   No person shall be prosecuted twice for the same offense.

"(2)   No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of the commencement of the first prosecution and establish proper venue in a single court.

"(3)   If a person is prosecuted for an offense consisting of different degrees, the conviction or acquittal resulting therefrom is a bar to a later prosecution for the same offense, for any inferior degree of the offense, for an attempt to commit the offense or for an offense necessarily included therein.

"(4)   A finding of guilty of a lesser included offense on any count is an acquittal of the greater inclusive offense only as to that count."

However, the effect of the former jeopardy statute on this case turns on the import of ORS 153.108(1), which provides:

"Notwithstanding ORS 131.505 to 131.535, if a person commits both a crime and a violation as part of the same

---

of ORS 131.525(2), despite the absence of a specific reference to no contest pleas, "[w]e do not think that defendant's or the state's rights would have been any different had he pled no contest").

[3] Although defendant cited the Fifth Amendment in his motion to dismiss, he did not make arguments based on that provision either in his memorandum supporting his motion or at oral argument to the trial court. He does not argue before us that the Fifth Amendment could serve as an alternative basis to support the trial court's ruling. Thus, we do not address whether defendant's prosecution is barred by the Fifth Amendment. *See State v. Riggs*, 143 Or App 427, 923 P2d 683 (1996), *rev den*, 325 Or 247 (1997).

criminal episode, the prosecution for one offense shall not bar the subsequent prosecution for the other. However, evidence of the first conviction shall not be admissible in any subsequent prosecution for the other offense."[4]

■ The state argues that the trial court erred in granting defendant's motion to dismiss on statutory grounds because ORS 153.108 expressly allows the state to prosecute defendant for the crimes of reckless driving and DUII notwithstanding the earlier prosecution for careless driving. Defendant argues that, under our case law, ORS 153.108 applies only to ORS 131.515(2). Thus, the threshold question is the applicability of ORS 153.108.

The statute purports to be effective notwithstanding the entirety of ORS 131.515. However, by its terms, it contemplates that the successive prosecution will be for at least two separate offenses, one a crime and the other a violation. Thus, ORS 153.108 can have no effect on ORS 131.515(1), which provides that "[n]o person shall be prosecuted twice for the same offense." In fact, we have held as much with regard to *former* ORS 153.585(1) (1985), *repealed by* Or Laws 1999, ch 1051, § 32,[5] the statutory predecessor to ORS 153.108. *City*

---

[4] ORS 153.108 became effective on January 1, 2000. Or Laws 1999, ch 1051, § 326. It represents the unification of three statutes that separately addressed infractions, violations, and traffic offenses. *Former* ORS 153.260 (1997); *former* ORS 153.585 (1997); *former* ORS 153.810 (1997), *repealed by* Or Laws 1999, ch 1051, § 32. Defendant was convicted of careless driving, which at the time of conviction was a traffic infraction. ORS 811.135 (1997). Had defendant objected to the state's attempt to prosecute him in 1999, the relevant statute would have been *former* ORS 153.585, which governed former jeopardy involving crimes and traffic infractions arising from the same conduct. However, under ORS 131.505(5), a person is not prosecuted for an offense until the person is convicted, a jury is empaneled, or the first witness is sworn in a bench trial. Defendant's trial was set for the same day that the trial court heard arguments on defendant's former jeopardy motion: July 7, 2003. Under current law, defendant's careless driving conviction amounts to a conviction for a violation under ORS 153.008(1)(b). Thus, the subsequent prosecution that the state attempted to bring was to be prosecuted on July 7, 2003, and the applicable statute is ORS 153.108. However, because ORS 153.108 is identical in substance to *former* ORS 153.260, *former* ORS 153.585, and *former* ORS 153.810, the result that we reach under the current statute is no different from that which we would reach under the relevant 1997 statute.

[5] *Former* ORS 153.585(1) provided:

"Notwithstanding ORS 131.505 to 131.535, if a person commits both a crime and a traffic infraction as part of the same criminal episode, the prosecution for one offense shall not bar the subsequent prosecution for the other. However, evidence of the first conviction shall not be admissible in any subsequent prosecution for the other offense."

*of Lake Oswego v. Ritchie*, 82 Or App 434, 437, 728 P2d 882 (1986) (holding that *former* ORS 153.585(1) applies only to provisions of ORS 131.515 that bar separate prosecutions for different offenses and not to ORS 131.515(1)).

Defendant points to a footnote in *State v. Cuffee*, 87 Or App 293, 742 P2d 637 (1987), and insists that we "expanded" the *City of Lake Oswego* holding to exempt prosecutions for lesser-included offenses from the purview of the predecessors of ORS 153.108(1). In a footnote appended to our disposition in *Cuffee*, we stated:

> "The state also relies on ORS 153.260(1), which provides, in part:
>
> > " 'Notwithstanding ORS 131.505 to 131.535, if a person commits both a crime and an infraction * * * as part of the same criminal episode, the prosecution for one offense shall not bar the subsequent prosecution for the other.'
>
> "We do not agree, however, that that statute or ORS 153.585(1) is applicable in this case. They contemplate separate offenses as distinct from lesser included offenses."

*Cuffee*, 87 Or App at 297 n 1 (citing *City of Lake Oswego*, 82 Or App at 434; ellipsis in original). A close read of *Cuffee* reveals that the footnote on which defendant relies is *dictum*. More importantly, however, we conclude that our *dictum* is incorrect.

In *Cuffee*, the defendant was charged with misdemeanor reckless driving and tried before a jury. After the jury acquitted the defendant of that crime, the judge found him guilty of careless driving, a traffic infraction. The defendant appealed, arguing that the judge's action violated ORS 131.515(3), which prohibits a subsequent prosecution for a lesser-included offense after a conviction or acquittal for a greater offense.

On appeal, we explained that, although careless driving is a lesser-included offense of reckless driving, the defendant had been subjected to only one prosecution, rather than two. Under *former* ORS 153.240(1) (1985), *repealed by* Or Laws 1999, ch 1051, § 32, the lesser-included offense of careless driving could not have been tried to a jury; it had to

be tried to the court. We rejected the defendant's former jeopardy argument, explaining that he

> "was tried on one accusatory instrument by different factfinders, one of which acquitted him of the crime before the other found him guilty of the lesser included offense. [The d]efendant was not subjected to a 'later prosecution' for a lesser degree of the same offense. The prosecution was simultaneous."

*Cuffee*, 87 Or App at 296.

Only after affirming the court's conviction of the defendant on the "simultaneous prosecution" ground did we discuss the state's alternative argument that the former jeopardy statute did not apply to multiple prosecutions when one of the prosecutions is for a traffic infraction. As noted above, our discussion of that argument occurred in a footnote appended to the disposition. Because it was not necessary to the holding of the case, the footnote is *dictum*, and we are not bound by it; nor do we find it persuasive.

The text and context of ORS 153.108(1) lead us to conclude that it applies to multiple prosecutions when one of the prosecutions is for a violation, even if the violation would be a lesser-included offense of the crime. By its terms, ORS 153.108(1) speaks of both the crime and the violation as "offenses." That is consistent with ORS 131.505(1), which defines an "offense" for purposes of the former jeopardy statute, by cross-reference to ORS 161.505, as either a crime or a violation. ORS 131.505(2) states that, for purposes of the former jeopardy statutes, "[w]hen the same conduct or criminal episode violates two or more statutory provisions, each such violation constitutes a separate and distinct offense." We interpret that language to mean that a crime and a violation are separate offenses, even if the violation could be a lesser-included offense of the crime. In *City of Lake Oswego*, we correctly explained that the statutory predecessor of ORS 153.108 applied to the provisions of the former jeopardy statutes that "bar separate prosecutions for different offenses." 82 Or App at 437. Thus, we disavow the *Cuffee* footnote and hold that ORS 153.108 applies to ORS 131.515(2), (3), and (4).

■ With that understanding in mind, we turn to the proper application of ORS 131.515 to this case. Defendant argues that his prosecution for reckless driving is barred by ORS 131.515(1), (2), and (4).[6] Because ORS 131.515(2) and (4) contemplate separate prosecutions for separate offenses, ORS 153.108 operates to lift any bar to a subsequent prosecution placed by those subsections. Thus, only ORS 131.515(1) can help defendant. If careless driving and reckless driving constitute the "same offense," then ORS 131.515(1) would bar the state from prosecuting defendant for reckless driving because, under the reasoning of *City of Lake Oswego*, ORS 153.108 does not apply to ORS 131.515(1).

However, careless driving and reckless driving are not the "same offense" for purposes of ORS 131.515(1). As discussed above, ORS 131.505(2) provides that, "[w]hen the same conduct or criminal episode violates two or more statutory provisions, each such violation constitutes a separate and distinct offense." Here, the state argues, defendant's conduct violated both the careless driving statute, ORS 811.135, and the reckless driving statute, ORS 811.140. Thus, those are separate and distinct offenses and, under ORS 131.505(2), necessarily cannot be the same. Therefore, the state is not barred by ORS 131.515(1) from prosecuting defendant for reckless driving.

■ Cognizant that careless driving, as a violation, cannot preclude his DUII prosecution, defendant insists that the question whether the former jeopardy statute bars the state from prosecuting defendant for DUII requires a different analysis. Defendant's theory uses ORS 131.515(4) to convert his prosecution for careless driving into a prosecution for reckless driving that would bar his subsequent prosecution for DUII. Admittedly, a prosecution for the crime of reckless driving could bar a subsequent prosecution for DUII, if all the requirements of ORS 131.515(2) are met. Thus, the question is whether ORS 131.515(4) converts the careless driving prosecution into a prosecution for reckless driving.

---

[6] Defendant does not make an argument regarding ORS 131.515(3), nor does that subsection apply to this case by its terms.

ORS 131.515(4) provides that "[a] finding of guilty of a lesser-included offense on any count is an acquittal of the greater inclusive offense only as to that count." Defendant's argument reduces to this: (1) Careless driving is a lesser-included offense of reckless driving; (2) under ORS 131.515(4), defendant's conviction for careless driving amounted to an acquittal of reckless driving; (3) an acquittal of reckless driving amounts to a prosecution for that crime; (4) because reckless driving is a crime, ORS 153.108 is not applicable; (5) therefore, under ORS 131.515(2), defendant's prosecution for the crime of reckless driving bars a subsequent prosecution for DUII.

Defendant misinterprets ORS 131.515(4). That statute applies in situations similar to the following scenario: A defendant is prosecuted on one count of second-degree murder. The jury also is given instructions on the lesser-included offense of manslaughter. After deliberating, the jury cannot reach a verdict on the second-degree murder charge. Notwithstanding the "acquittal first" instruction required by ORS 136.460(2), under ORS 136.460(4), "[i]f the jury is unable to reach a decision on the original charge, the state and defendant may stipulate that the jury may consider any lesser included offense." The state and the defendant so stipulate, and the jury convicts the defendant of manslaughter. But for ORS 131.515(4), the judge, theoretically, could find that the jury was unable to agree on a verdict on the charge of second-degree murder, a finding that would lift the jeopardy bar under ORS 131.525(1)(b)(D). However, under ORS 131.515(4), once the jury convicted the defendant of manslaughter, he was acquitted by operation of law of the greater offense of second-degree murder.

However, for ORS 131.515(4) to operate on a greater offense, the greater offense must be charged in the same count as the lesser-included offense for which the defendant is convicted. The statute does not provide that a conviction of any offense that *could be* a lesser-included offense is an acquittal of the greater offense. Instead, it provides that "a finding of guilty of a lesser included offense *on any count* is an acquittal of the greater inclusive offense *only as to that count*." ORS 131.515(4). Thus, for defendant's novel theory to succeed, his conviction for careless driving would have had to

have resulted from a count that charged reckless driving. It did not. Reckless driving was not charged in the citation on which defendant was convicted of careless driving. ORS 131.515(4) did not operate to convert defendant's conviction for careless driving into an acquittal for reckless driving. Without that necessary premise, defendant's theory as to how the former jeopardy statute bars his prosecution for DUII fails. Under ORS 153.108, the state may prosecute defendant for DUII notwithstanding his prior conviction for careless driving.

■        Although there may be no statutory former jeopardy bar to prosecuting defendant for reckless driving and DUII, we still must consider the state constitutional question, for " 'the statutory exception created by [the predecessor to ORS 153.108] cannot * * * prevail over the constitutionally created double jeopardy protection of Article I, section 12,' which bars successive prosecutions of 'offenses which are criminal in nature.' " *State v. Darlin*, 122 Or App 172, 178, 857 P2d 859 (1993) (quoting *State v. Kambra*, 93 Or App 156, 159-60, 761 P2d 539, *rev den*, 307 Or 246 (1988)) (omission in *Darlin*). Thus, although defendant's careless driving conviction resulted from a prosecution for a traffic infraction, constitutional jeopardy may attach if that prosecution was criminal in nature. *See State v. Selness / Miller*, 334 Or 515, 530-31, 54 P3d 1025 (2002) ("[F]or purposes of Article I, section 12, 'jeopardy' arises only in *criminal* proceedings [and] * * * although a proceeding may be designated as 'civil' by the legislature, that designation may be overcome by a showing that the proceeding is 'so far criminal in its nature' that it amounts to a criminal proceeding." (Emphasis in original.)).

■■        To determine whether a nominally civil action is sufficiently criminal in nature to trigger Article I, section 12, we consider four factors:

"(1) the use of pretrial procedures that are associated with the criminal law, such as indictment, arrest, and detention; (2) the potential for imposition of a penalty that is historically criminal or 'infamous,' or that cannot be justified fully in terms of the civil purposes that the penalty supposedly serves; and (3) the potential for a judgment or penalty that carries public stigma; (4) the potential for collateral consequences that, either taken by themselves or added to the

direct consequences of the underlying forbidden acts, amount to criminal penalties."

*Id.* at 536. Predictably, the state and the defendant disagree on the import of those factors in this case. We will turn to their differences in a moment. But first we address defendant's argument that the state did not preserve its argument that *Selness / Miller* provides the proper test for whether the prosecution for careless driving was criminal in nature.

Defendant concedes that the issue whether a prosecution for careless driving is criminal in nature was squarely before the trial court; in fact, defendant placed the issue before the court in his memorandum supporting his motion to dismiss. The state responded to the issue by highlighting the differences between careless and reckless driving and by pointing out that careless driving cannot be tried to a jury. Defendant argues that the state is now "shifting" its argument from the factual differences between the two offenses to the *Selness / Miller* factors. To support that argument, defendant relies on *State v. Dumont*, 177 Or App 650, 34 P3d 709 (2001), *rev dismissed as improvidently allowed*, 336 Or 17 (2003). In *Dumont*, the defendant shifted her argument from an equal protection ground at trial to an unlawful search and seizure ground on appeal. *Dumont*, 177 Or App at 655-57. We held that such a shift "runs afoul of the Supreme Court's preservation jurisprudence." *Id.* at 656.

Here, whatever shift there may be in the state's argument on appeal from that at trial is imperceptible when compared to the dramatic shift at issue in *Dumont*. The important question for preservation purposes is whether the trial court was presented with and had an opportunity to decide the issue whether a prosecution for careless driving is criminal in nature. *See State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). It was and it did. The state's failure to cite a particular case as support for its argument on the issue that the court decided does not foreclose our consideration of the case. *See, e.g., State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988). We conclude that the state's argument on the *Selness / Miller* factors is preserved.

On the first factor—whether pretrial procedures associated with criminal law are used—the state notes that a

careless driving prosecution does not subject a defendant to criminal pretrial procedures such as indictment, arrest, and detention. Defendant responds that a person suspected of careless driving may be stopped and detained and may be questioned about criminal activity, for officer safety, or to obtain consent for a search. Those burdens, however, do not rise to the level of the burdens of arrest and detention. The first factor cuts against concluding that the prosecution for careless driving is criminal in nature.

On the second factor—the nature of the penalty— the state insists that "[d]efendant's $100 fine was not a severe penalty transforming the violation of ORS 811.135 into a 'criminal prosecution' " for purposes of Article I, section 12. We first note that, although defendant's fine was, in fact, only $100, defendant's conviction of the Class B traffic infraction of careless driving could have resulted in a fine of $300. *Former* ORS 153.615 (1997), *repealed by* Or Laws 1999, ch 1051, § 32. The question is whether the fine to which defendant *could* have been subject is criminal in nature, not whether the fine defendant actually received was criminal in nature. It is the *prosecution* that places the defendant in jeopardy, not the *result*. In addition, a fine can be criminal in nature if it is punitive, that is, if "it is excessive in relation to the civil purpose that it purports to serve." *See Selness/Miller*, 334 Or at 536 (describing the second factor as "the *potential* for imposition of a penalty that is historically criminal or 'infamous,' or that cannot be justified fully in terms of the civil purposes that the penalty supposedly serves" (emphasis added)).

Here, a fine of $300 is not excessive in relation to the civil purpose that it purports to serve. Careless driving is an act that "endangers or would be likely to endanger any person or property." ORS 811.135. A $300 fine serves to deter persons from driving in a manner that would endanger persons and property, and "[d]eterrence is a legitimate remedial purpose and its presence is perfectly compatible with a conclusion that a proceeding and sanction is civil." *State v. Lhasawa*, 334 Or 543, 560, 55 P3d 477 (2002). Thus, the potential fine that could have resulted from defendant's prosecution for careless driving does not make that prosecution "criminal in nature."

On the third factor—the potential for public stigma from the judgment or penalty—the state emphasizes that the legislative purpose of the vehicle code is public safety and that "any punitive significance of the fine for [careless driving] is subordinate to this legislative goal, and does not elevate defendant's conviction for careless driving to a criminal prosecution for former jeopardy purposes." Defendant responds that, "[b]ecause careless driving is virtually identical to the crime of reckless driving, it carries a public stigma that is not associated with other traffic violations such as failure to use a turn signal." Inherent difficulty plagues the application of the stigmatizing effect factor, and "this difficulty is unavoidable, since the significance of a law may differ in the eyes of legislators, of defendants, and of the general public." *Brown v. Multnomah County Dist. Ct.*, 280 Or 95, 106, 570 P2d 52 (1977). However, "[w]e are searching here for a level of stigma of the individual that marks [a careless driving prosecution] as criminal in nature in the constitutional sense." *Selness / Miller*, 334 Or at 539. Whatever stigma the general public may place upon careless drivers, we do not believe that that stigma rises to the level that would convert a prosecution for careless driving into a criminal proceeding.

On the fourth and final factor—the collateral consequences—the state makes no particularized argument. Defendant argues that careless driving mars a person's driving record and can affect a person's automobile insurance rates and employability as a professional driver. Those consequences may indeed arise from a careless driving conviction. But they could also arise from conviction for any number of traffic infractions. They are not the sort of consequences that render a prosecution criminal in nature.

In sum, considering the four *Selness / Miller* factors, we conclude that defendant's prosecution for the Class B traffic infraction of careless driving was not criminal in nature. Therefore, Article I, section 12, does not bar the state from criminally prosecuting defendant for reckless driving and DUII.

Reversed and remanded.