Argued and submitted June 20, 2006, decision of Court of Appeals affirmed; judgment of circuit court reversed, and case remanded to circuit court for further proceedings February 15, 2007

STATE OF OREGON,
*Respondent on Review,*

*v.*

SCOTT A. WARNER,
*Petitioner on Review.*

(CC 9905-44488; CA A121246; SC S52880)

153 P3d 674

Anne Fujita Munsey, Deputy Public Defender, Salem, argued the cause and filed the brief for petitioner on review. With her on the brief were Peter A. Ozanne, Executive Director, Office of Public Defense Services, and Peter Gartlan, Chief Defender, Legal Services Division.

Laura S. Anderson, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before De Muniz, Chief Justice, and Carson, Gillette, Durham, Riggs, Balmer, and Kistler, Justices.**

** Carson, J., retired December 31, 2006, and did not participate in the decision of the case. Riggs, J., retired September 30, 2006, and did not participate in the decision of this case. Walters and Linder, JJ., did not participate in the consideration or decision of this case.

GILLETTE, J.

## GILLETTE, J.

The principal issue in this case concerns the meaning and scope of ORS 153.108(1),[1] a statute that permits the state to prosecute separately a violation and a crime arising out of the same criminal episode, notwithstanding the general statutory prohibition on such prosecutions set out in ORS 131.515 (the "former jeopardy" statute).[2] Defendant contends that ORS 153.108(1) does not overcome that statutory former jeopardy bar when, as in this case, the state separately prosecutes a defendant for careless driving (ORS 811.135) (a traffic violation) and reckless driving (ORS 811.140) (a traffic crime), and both charges arise out of the same traffic accident. For the reasons that follow, we reject that argument. We also reject defendant's alternative contention that, in spite of its noncriminal label, a careless driving charge under ORS 811.135 is sufficiently criminal in nature to place a defendant in "jeopardy" for purposes of the former jeopardy provision in the Oregon Constitution. Accordingly, we affirm the decision of the Court of Appeals that rejected those arguments and held that defendant could be prosecuted separately for careless driving and reckless driving. *See State v. Warner*, 200 Or App 65, 112 P3d 464 (2005) (so holding).

The relevant facts are as follows. On May 7, 1999, defendant was involved in a traffic accident while driving on I-205 in Portland. Defendant was injured in the accident and was taken to a nearby hospital. A police officer met him there. After questioning defendant about the accident and administering certain tests, the officer issued two separate citations. The first citation charged defendant with three traffic violations:[3] careless driving (ORS 811.135), driving uninsured (ORS 806.010), and failure to carry proof of compliance with financial responsibility requirements (ORS 806.012). The second citation charged defendant with driving

---

[1] The text of ORS 153.108(1) is set out at 342 Or at 366.

[2] The text of ORS 131.515 is set out at 342 Or at 365-66.

[3] In 1999, the Legislative Assembly substituted the term "violation" for the term "infraction" in ORS 161.505. *See* Or Laws 1999, ch 1051, § 43. Because the change was not a substantive one, we use the present statutory terminology.

under the influence of intoxicants (DUII) (ORS 813.010), a traffic crime. Both citations summoned defendant to appear in court on May 27, 1999. However, sometime before that May 27, 1999, court date, the district attorney filed an information charging defendant with both DUII and a second traffic crime, reckless driving (ORS 811.140).

Defendant failed to appear on the May 27, 1999, court date. As a result of defendant's failure to appear, the trial court entered default judgments of conviction against defendant on the three traffic violations. *See* ORS 153.102(1).[4] The court also issued an arrest warrant for defendant's failure to appear with respect to the criminal DUII and reckless driving charges. Thereafter, the district attorney amended the original criminal information to add a third criminal charge against defendant—failure to appear (ORS 133.076). Defendant ultimately was arrested and arraigned on the DUII, reckless driving, and failure to appear charges.

Before his trial, defendant moved to dismiss the DUII and reckless driving charges on both statutory and constitutional former jeopardy grounds.[5] After hearing arguments in the matter, the trial court granted defendant's motion. Specifically, the trial court held that the traffic violation of careless driving was criminal in nature and a lesser-included offense of reckless driving and that, as such, prosecuting defendant for reckless driving after he already had been convicted of careless driving with respect to the same incident would violate constitutional and statutory former

---

[4] ORS 153.102(1) provides:

"If the defendant in a violation proceeding does not make a first appearance in the manner required by [another statute] within the time allowed, and a trial is not otherwise required by the court or by law, the court may enter a default judgment based on the complaint and any other evidence the judge determines appropriate."

Thus, "violations" (traffic or otherwise) may be dealt with summarily when a cited person fails to appear. "Violations" are "offenses" but not "crimes" (the latter category being reserved for misdemeanor and felonies). ORS 161.505; ORS 161.515(2).

[5] At the time that defendant filed his former jeopardy motion, the case already had been before the Court of Appeals once. The state had appealed from two pretrial orders suppressing certain evidence in the DUII prosecution. The Court of Appeals reversed the order and remanded. *State v. Warner*, 181 Or App 622, 47 P3d 497 (2002), *rev den*, 335 Or 42 (2002).

jeopardy prohibitions. The trial court further held that ORS 131.515(2) precluded defendant's prosecution on the DUII charge because the DUII charge and the reckless driving charge arose out of the same criminal episode and defendant effectively already had been prosecuted and acquitted of reckless driving when he was convicted of careless driving. The state then appealed the trial court's dismissal of the reckless driving and DUII charges to the Court of Appeals.

On appeal, the state argued that ORS 153.108(1) sets out an exception to the general statutory bar on multiple prosecutions based on the same incident or episode and that the prosecutions at issue—for a violation (careless driving) and for two traffic crimes (reckless driving and DUII)—fell within that exception. The state also argued that defendant's careless driving prosecution was not a "criminal prosecution" and therefore did not implicate the former jeopardy prohibitions in the state and federal constitutions. The Court of Appeals agreed with both arguments, reversed the trial court's order of dismissal, and remanded the case for further proceedings. *Warner*, 200 Or App at 69-77.

Defendant petitioned for review by this court and we allowed the petition to consider two questions: (1) does defendant's conviction of careless driving, a traffic violation, operate as a bar to a prosecution for the crime of reckless driving, in spite of the fact that ORS 153.108(1) appears to permit separate prosecution of crimes and violations arising out of the same incident; and (2) does a conviction on a careless driving citation amount to "jeopardy" for purposes of Article I, section 12, of the Oregon Constitution, so that any further prosecution on criminal charges arising out of the same criminal episode is barred?

■■ We begin with the statutory question. As we have noted, defendant's argument relies on Oregon's general former jeopardy statute, ORS 131.515. That statute prohibits consecutive prosecutions in the following terms:

"Except as provided in ORS 131.525 and 131.535:

"(1) *No person shall be prosecuted twice for the same offense.*

"(2)   *No person shall be separately prosecuted for two or more offenses based upon the same criminal episode,* if the several offenses are reasonably known to the appropriate prosecutor at the time of the commencement of the first prosecution and establish proper venue in a single court.

"(3)   If a person is prosecuted for an offense consisting of different degrees, the conviction or acquittal resulting therefrom is a bar to a later prosecution for the same offense, for any inferior degree of the offense, for an attempt to commit the offense or for an offense necessarily included therein.

"(4)   A finding of guilty of a lesser included offense on any count is an acquittal of the greater inclusive offense only as to that count."

(Emphasis added.)

Before the Court of Appeals, defendant argued that, in view of the fact that he has been convicted of careless driving based on the May 7, 1999, incident, his subsequent prosecution for reckless driving based on the same incident would violate either ORS 131.515(1) or (2). However, the state argued (and the Court of Appeals ultimately held), assuming that prosecution of defendant for reckless driving otherwise would fall within the bar set out at ORS 131.515—an issue that the court did not need to decide—another statute, ORS 153.108(1), would remove the case from the reach of ORS 131.515. ORS 153.108(1) provides:

"Notwithstanding ORS 131.505 to 131.535 [the former jeopardy statutes], *if a person commits both a crime and a violation as part of the same criminal episode,* the prosecution for one offense *shall not bar the subsequent prosecution for the other.* However, evidence of the first conviction shall not be admissible in any subsequent prosecution for the other offense."[6]

_____

[6] ORS 153.108(1) became effective on January 1, 2000. Or Laws 1999, ch 1051, § 326. It applies to defendant's former jeopardy claim, which defendant raised and which the trial court considered in 2003. Prior to January 1, 2000, another statute, *former* ORS 153.585(1) (1997), exempted traffic violations from former jeopardy protection in similar terms.

(Emphasis added.) Under ORS 153.108(1), the Court of Appeals held, defendant's prior conviction of careless driving—a traffic violation—did not bar his subsequent prosecution on the criminal charge of reckless driving. *Warner*, 200 Or App at 69-72.

Defendant argues that the Court of Appeals' analysis misses an important nuance in ORS 153.108(1). That statute, defendant asserts, speaks only to a successive prosecution for *separate* offenses and—in defendant's view—careless driving and reckless driving are parts of a *single* offense. In so arguing, defendant relies primarily on the fact that ORS 153.108(1) uses terms that connote multiplicity and separateness—"both," "one offense," and "the other"—and on certain earlier statements by the Court of Appeals to the effect that the exception set out at ORS 153.108(1) relates only to ORS 131.515(2), which bars separate prosecutions for *different* offenses. *See, e.g., City of Lake Oswego v. Ritchie*, 82 Or App 434, 437, 728 P2d 882 (1986) (so stating).[7] But defendant then carries his point even further, arguing that ORS 153.108(1) *also* cannot pertain to a lesser-included offense and its greater-inclusive counterpart, *even if such offenses are defined in separate statutes*, in essence because such offenses are, in fact, the "same" offense.[8]

◼ Defendant's argument rests heavily on the proposition that careless driving, ORS 811.135, *is*, in fact, a lesser-included offense[9] of reckless driving, ORS 811.140. Although that proposition is open to dispute, we need not decide whether it is correct in this case. For the sake of argument, we shall assume that it is, and we confine our analysis to defendant's further argument that the wording of ORS 153.108(1) does not extend to such a circumstance.

---

[7] *Ritchie* discusses *former* ORS 153.585(1) (1985), an earlier version of present-day ORS 153.108(1).

[8] Defendant argues, in that regard, that an "offense" is nothing more than "a proscribed act undertaken with a particular mental state" and that, by definition, a lesser-included offense involves the same proscribed act as its greater-inclusive counterpart or one that is entirely subsumed in it.

[9] In Oregon criminal trial practice, a "lesser included offense" is either an offense that constitutes a "degree inferior" to an offense with which a defendant is charged, ORS 136.460, or an offense the commission of which is "necessarily included" in the wording of the charging instrument, ORS 136.465. *See State v. Washington*, 273 Or 829, 836-40, 543 P2d 1058 (1975) (explaining scope of rule).

We begin with the fact that the wording of ORS 153.108(1) refers to "both a crime and a violation," then to "one offense" and "the other." We agree with defendant that those phrases suggests two separate "offenses," in some sense of that word. However, that conclusion does little to advance defendant's overall argument, because it is unclear what sense of the term "offense" the legislature intended. On the one hand, the legislature may have chosen "offense" only as a convenient and efficient way to refer back to the two objects of the first sentence of ORS 153.108(1) ("crime" and "violation"). On the other hand, it at least is arguable that the statute does assume that, to be included within its exception, a lesser-included offense and its greater-inclusive counterpart must be one and the same "offense."

However, the flaw in that second possible construction begins to appear when we expand our consideration to include other, contextual statutes. For example, the former jeopardy statutes (ORS 131.505 to 131.535) are part of that context. That is so because ORS 153.108(1), beginning with the phrase "[n]otwithstanding ORS 131.505 to 131.535," expressly refers to the former jeopardy statutes and sets itself up as an exception to them.

The former jeopardy statutes include ORS 131.505(1) and (2), which define and explain the meaning of "offense" in the following terms:

"As used in ORS 131.505 to 131.525, unless the context requires otherwise:

"(1) 'Conduct' and 'offense' have the meaning provided for those terms in ORS 161.085 and 161.505.

"(2) When the *same conduct or criminal episode violates two or more statutory provisions, each such violation constitutes a separate and distinct offense.*"

(Emphasis added.)

The first subsection refers to the definition of "offense" at ORS 161.505, *viz.*, "conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state * * *." By that definition, both careless driving and reckless driving are "offenses." The former subjects the offender to, at least, a possible fine, while the latter subjects

the offender to a fine, to imprisonment, or to both. Most importantly, however, for purposes of the present discussion, the second subsection of ORS 131.505 expands upon the definition in subsection (1) by making it clear that the same "conduct" constitutes two or more separate "offenses" if it violates two or more "statutory provisions." Thus, ORS 153.108(1) incorporates by reference that principle and, in doing so, it appears to reject the very essence of defendant's argument.

Defendant argues, however, that, even if the principle found in ORS 131.505(2) applies, a lesser-included offense and its greater-inclusive counterpart still are not "separate and distinct offenses" for purposes of that principle because a defendant who commits such offenses does not violate "two or more statutory provisions." In so arguing, defendant points to a number of this court's cases—*State v. Barrett*, 331 Or 27, 10 P3d 901 (2000); *State v. Crotsley*, 308 Or 272, 779 P2d 600 (1989); and *State v. Kizer*, 308 Or 238, 779 P2d 604 (1989)— and notes that this court indicated in those cases that the phrase "two or more statutory provisions" referred to "separate and distinct legislative concerns" rather than to any particular form of organization of the Oregon Revised Statutes. Defendant then adopts certain aspects of the logic of those cases, arguing that lesser-included offenses and their greater-inclusive counterparts are *not* directed at separate and distinct legislative concerns because they share some of the same elements and address similar harms. As such, defendant concludes, a lesser-included offense and its greater-inclusive counterpart are not "two or more statutory provisions" and, thus, are not separate offenses for purposes of the former jeopardy statutes or ORS 153.108(1).

The problem with that analysis is that it relies on this court's statements about the meaning of a phrase—"two or more statutory provisions"—as that phrase is used in an entirely different statute than the one at issue here. *Barrett*, *Crotsley*, and *Kizer* all are concerned with the meaning of an *antimerger* statute, *former* ORS 161.062(1) (1987), *repealed by* Oregon Laws 1999, chapter 136, section 1, which provided, in part:

"When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

Although that statute shared certain wording with ORS 131.505(2) (even beyond the five-word phrase that is defendant's focus), it differed from ORS 131.505(2) significantly in that it was directed at defining the number of offenses that the government may separately *punish*, not at the number of offenses that may separately be *prosecuted*. Moreover, the phrase on which defendant relies is too generic to carry over its attendant statutory analysis respecting one concern—the number of permissible *punishments* under *former* ORS 161.062(1) (1987)—to the analysis respecting an entirely separate concern—the number of permissible *prosecutions* under ORS 131.515(1) and (2). *Cf. State v. Brown*, 262 Or 442, 450, 497 P2d 1191 (1972) ("The underlying considerations in multiple punishment cases are entirely different from those involved in multiple prosecutions, and a test which is appropriate in one class of cases is not necessarily appropriate in the other class.").

■ It follows from the foregoing discussion that, when ORS 131.505(2) refers to the same conduct violating "two or more statutory provisions," it is indifferent to whether those statutory provisions ultimately are directed at the same type of harm or define offenses that might be related to one another as lesser-included/greater-inclusive offenses. And, because ORS 131.505(2) is a part of the context of ORS 153.108(1), the latter statute also is indifferent to those considerations. In the end, we conclude that, when ORS 153.108(2) provides that, "if a person commits both a crime and a violation as part of the same criminal episode, the prosecution for one offense shall not bar the subsequent prosecution for the other," it includes within its scope *any* violation and *any* crime that are defined in separate statutes, regardless of any relationship between the two offenses or any argument that the two offenses are directed at a single harm.

It also follows from the foregoing that there is no statutory bar to defendant's prosecution on a charge of reckless driving, notwithstanding that he already has been prosecuted and convicted in the same traffic incident on a charge

of careless driving, a violation. To the extent that ORS 131.515(2) otherwise might prohibit such a prosecution, because the two charges are "based upon the same criminal episode," ORS 153.108(1) overrides that prohibition, because reckless driving is a crime and careless driving is a violation, each of which is defined by its own statute. Neither are defendant's prosecutions for careless driving and reckless driving the "same offense" for purposes of ORS 131.515(1).[10] That is so even if we assume, as defendant does, that careless driving is a lesser-included offense of reckless driving. As discussed, ORS 153.108(1) incorporates from ORS 131.505(2) the idea that the same conduct may constitute two or more offenses if it violates two or more statutory provisions.

■    Having disposed of defendant's statutory former jeopardy argument, we turn to his argument under Article I, section 12, the former jeopardy provision of the Oregon Constitution. In marked contrast to the detailed statutory provision, Article I, section 12, prohibits successive prosecutions in simple terms: "No person shall be put in jeopardy twice for the same offen[s]e."

This court discussed Article I, section 12, at length in *State v. Selness/Miller*, 334 Or 515, 54 P3d 1025 (2002). There, the court noted that, at least for purposes of Article I, section 12, "jeopardy" arises only in proceedings involving a prosecution for a crime. Our task, then, is to determine whether careless driving is a crime under Oregon law.

As to that question, the statutes themselves do not help defendant. In that regard, the following statutory definitions are pertinent: ORS 161.505 defines an "offense" as

"conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state or by any law or ordinance of a political subdivision of this state. *An offense is either a crime, as described in ORS 161.515, or a violation, as described in ORS 153.008.*"

---

[10] Before this court, defendant initially also argued that ORS 131.515(4) barred the state from prosecuting him for DUII after prosecuting and convicting him of careless driving. Defendant's theory was that his conviction on the careless driving charge amounted to an acquittal of the reckless driving charge under ORS 131.515(4) and that, under ORS 131.515(2), that acquittal precluded any further criminal prosecution based on the same criminal episode. Defendant now has withdrawn that argument.

(Emphasis added.) ORS 161.515 then defines "crime":

"(1)   A crime is an offense for which a sentence of imprisonment is authorized.

"(2)   A crime is either a felony or a misdemeanor."

ORS 153.008 concludes the definitional exercise by defining "violation." It provides, in part:

"(1)   [A]n offense is a violation if any of the following apply:

"(a)   The offense is designated as a violation in the statute defining the offense.

"(b)   The statute prescribing the penalty for the offense provides that the offense is punishable by a fine but does not provide that the offense is punishable by a term of imprisonment. The statute may provide for punishment in addition to a fine as long as the punishment does not include a term of imprisonment."

As we have noted, the legislature has designated careless driving as a traffic violation (ORS 811.135). An officer citing a person who allegedly has committed that violation (1) may not arrest the person for the violation, and (2) may detain the person only so long as necessary to investigate the violation for it. ORS 810.410(3)(a) and (b). Moreover, the violation is punishable only by a fine, not by imprisonment. ORS 153.018. Thus, careless driving is not a "crime," as that term is used in Oregon law.

That conclusion, however, does not end the constitutional inquiry. As this court acknowledged in *Selness/ Miller*, determining whether a proceeding is criminal may involve more than simply examining the label that the legislature has attached to it. This court noted, in particular, that a nominally civil proceeding may be "so far criminal in its nature that it amounts to a criminal proceeding." *Selness/ Miller*, 334 Or at 530-31. The court then identified four factors to consider in determining whether even a nominally civil action "amounts to a criminal proceeding"[11] for purposes of triggering the protections of Article I, section 12:

---

[11] Although defendant does not make the argument, one might argue that certain subsections of ORS 131.005 affix a criminal label to traffic violations like careless driving. We refer to the following wording:

"(1) the use of pretrial procedures that are associated with the criminal law, such as indictment, arrest, and detention; (2) the potential for imposition of a penalty that is historically criminal or 'infamous' or that cannot be justified fully in terms of the civil purposes that the penalty supposedly serves; and (3) the potential for a judgment or penalty that carries public stigma; (4) the potential for collateral consequences that, either taken by themselves or added to the direct consequences of the underlying forbidden acts, amount to criminal penalties."

*Id.* at 536. The inquiry into those four factors here need not detain us long.

With respect to the first factor, defendant argues that a careless driving proceeding involves pretrial procedures associated with the criminal law in that a person suspected of careless driving may be stopped, detained, and subjected to inquiries regarding criminal activity, officer safety, and other matters. ORS 810.410(3)(a) to (e). Defendant further notes that a police officer may use a degree of force reasonably necessary to make the stop and to ensure the safety of all persons present. ORS 810.410(3)(f). However, the police authority on which defendant relies is contingent on something other than an ordinary police stop and issuance of a citation. As we have explained, the key provisions in ORS 810.410 provide that an officer may not arrest a person for a traffic violation and that the interlude of detention when a person is stopped must be no longer than necessary to investigate the violation, assure the driver's identity, and issue the citation. ORS 810.410(3)(a) and (b). None of those provisions makes the process criminal, in constitutional terms.

"As used in section 1 to 311, chapter 836, Oregon Laws 1973, except as otherwise specifically provided or unless context requires otherwise:

"* * * * *

"(6) 'Criminal action' means an action at law by means of which a person is accused of the commission of a violation, misdemeanor or felony.

"(7) 'Criminal proceeding' means any proceeding which constitutes a part of a criminal action or occurs in court in connection with prospective, pending or completed criminal action."

ORS 131.005(6) and (7). Clearly, however, the more specific provisions at ORS 131.505, ORS 131.515, and ORS 153.108(1) are "context [that] provides otherwise."

As to the second *Selness/Miller* factor, defendant suggests that the potential penalties that careless driving carried at the relevant time—a $300 fine, *former* ORS 153.615 (1997), *repealed by* Oregon Laws 1999, ch 1051, § 32, suspension of driving privileges, ORS 809.220, and required participation in driver education and other rehabilitative programs, ORS 809.270—are "hallmarks" of a criminal prosecution. We are unpersuaded. First of all, the fine is a small one—inconvenient to pay, but far less so than potential penalties for such things as expanding one's garage without a building permit. Second, the suspension that concerns defendant can occur only if he fails to appear—a matter entirely within his control. It is *not* a consequence of the violation. Finally, the participation in driver improvement programs is remedial—designed to protect both the public and defendant. In fact, all the consequences of a careless driving conviction are justified fully in terms of remedial purposes, such as making the public highways safer by discouraging careless driving and encouraging careless drivers to learn better driving techniques through driver education programs.

Defendant suggests, next, that the third *Selness/Miller* factor—"public stigma"—weighs in his favor, because careless driving addresses the same harm as the crime of reckless driving and necessarily has the same stigmatizing effect. However, we think that to state that proposition is to refute it. In our view, there is no potential stigma that might accompany a careless driving prosecution, unless such a stigma applies to every issuance of a traffic ticket. *Selness/Miller* does not even hint that such would be the case.

Finally, defendant argues that careless driving proceedings carry a potential for collateral consequences that amount to criminal penalties in and of themselves. He points to the fact that a defendant may be charged with a crime for failing to appear in the proceeding, ORS 153.992, and ultimately may be arrested for such failure to appear, ORS 153.064. Defendant also notes that a careless driving conviction becomes part of the offender's driving record and may affect his or her insurance rates and ability to obtain a job that involves driving. The first two "consequences" that defendant identifies are inapposite—they do not flow from

the careless driving offense but from an additional and altogether different act. As to the latter consequences, they are remedial, and not punitive, in nature.

After examining the reckless driving proceeding in question in light of the four *Selness/Miller* factors, we have little difficulty in concluding that the reality of a careless driving proceeding exactly matches its label. The offense is a violation, not a crime, and conviction on a charge of careless driving does not amount to "jeopardy" for purposes of Article I, section 12, of the Oregon Constitution. Defendant's argument that the state is barred, under Article I, section 12, from pursuing its reckless driving and DUII charges against him is not well taken. The Court of Appeals was correct in so holding.[12]

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

---

[12] Defendant does not argue that the prosecutions at issue violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.